REBECCA ROSENTHAL, Appellant, v. WILLIAM F. JENKINS, Respondent.

Kansas City Court of Appeals, November 9, 1896.

Estoppel: HELD OUT AS OWNER: ACTION THEREON.   Though a person with the knowledge of the true owner holds himself out as owner of a stock of goods and he is credited by tradesmen, still such facts are not sufficient to estop the true owner from claiming the goods, unless the tradesmen acted upon the belief of his ownership and were injured thereby.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED.

*Thomas & Hackney* for appellant.

The instruction given by the court at the request of the defendant is clearly erroneous, under the facts and circumstances in evidence in the cause. *Peet v. Spencer*, 90 Mo. 380, and cases cited.   This would not constitute him an owner of the property, but only a factor.   The circumstance that a factor has a lien on goods would not authorize him to deliver the goods in payment of his own debt, neither could the same be taken by his creditors.   *Benny v. Rhodes*, 18 Mo. 147; *Benny v. Pegram*, 18 Mo. 191; 3 Am. and Eng. Encyclopedia of Law, 321.

*Cunningham & Dolan* for respondent.

We think that the instructions complained of by appellant, in view of all the evidence in this case, were proper. *Clathlin v. Rosenburg*, 42 Mo. 448; *Bishop v. O'Connell*, 56 Mo. 158; *Burgert v. Borchert*, 59 Mo. 80; *Wright v. McCormick*, 67 Mo. 426. There never was a clearer case, even taking the most favorable view for the plaintiff, of a voluntary conveyance to Symons, made to defraud the creditors of the plaintiff, and then of an attempt to defraud either Symons, or Symons' creditors, by the plaintiff.

GILL, J.—Mrs. Rosenthal, as plaintiff, brought this suit in replevin against defendant Jenkins, to recover a small stock of general merchandise, which the defendant, as constable, had levied on as the property of one D. M. Symons. The goods were formerly held and claimed by Mrs. Rosenthal at Weir City, Kansas, where she, with her husband and son, then resided. In March, 1894, the goods were shipped from Weir City to Joplin, where they were placed in a store in the name of D. M. Symons, who is plaintiff's brother. The business was there carried on in the name of D. M. Symons, who, at the trial, testified that he held the same under a bill of sale made to him by the plaintiff's son and that the purpose for which he held the goods was to protect them for his sister, and at the same time make himself whole for some freight charges he had paid, and for such goods as he might add to the stock. The store was conducted at Joplin, and in the name of Symons, for a term of about two months, when certain creditors of Symons brought suits against him in attachment and the defendant constable seized the entire stock, amounting to about $500 in value.

Mrs. Rosenthal denied that her son or husband had any authority to transfer the goods to Symons, and likewise denied that she had any knowledge that Symons was making any claim to the goods, or that he was contracting any debts on account thereof. It appears that Symons never paid anything for the goods except about $30 freight charges from Galena, Kansas, to Joplin.

In addition to a general denial of plaintiff's title to the goods, defendant alleged in his answer that Mrs. Rosenthal was estopped from denying Symons' title because she had allowed him to treat said goods as his own and to acquire credit thereon, whereby Symons' attaching creditors were induced to sell the bill sued on.

A trial by jury resulted in a verdict and judgment for defendant, and plaintiff appealed.

The defenses, interposed to plaintiff's right to recover the goods in controversy were two: *First*, that she never owned the goods; and, *second*, even if she did have title she was by her conduct estopped to claim them against Symon's creditors, whose interests the defendant constable represents. Covering this latter defense, the court instructed the jury, "that if they believe from the evidence that D. M. Symons was in possession of the stock of goods and storeroom at Joplin, Missouri, at the time defendant seized the same under writs of attachment" (naming the suits against Symons), "and that prior to the sales of the goods to the said D. M. Symons by his attaching creditors, the said D. M. Symons conducted the said store in his own name, with the sign of D. M. Symons, grocer, above the door of said storeroom, and that plaintiff knew that said Symons so conducted said business in his own name, they should find for the defendant, even though they may believe from the evidence that the plaintiff owned the stock of goods."

The vice of this instruction is quite apparent. It assumes that the goods in the hands of Symons belonged to Mrs. Rosenthal, and it is then declared that if she allowed Symons to offer and sell the same in his own name, with a sign "D. M. Symons, Grocer" over the store door, then she is, without more, estopped from asserting title to the goods as against Symons' creditors. In order to work an estoppel against the plaintiff, and give Symons' creditors the right to seize the goods of the former for the debts of the latter, mere knowledge on Mrs. Rosenthal's part that Symons was conducting the store in his own name was not enough. To constitute such estoppel it is not only essential that false impressions or representations should have been created or made with the knowledge of the true owner of the property, but such false representations should have been made with the intention, actual or virtual, that the other party should act upon it, and such other party must have been *induced to, and in fact did*, act upon the faith of such false impressions. Bigelow on Estop., p. 570. "The rule," says the same author, "is fundamental that unless the representation of the party to be estopped has also been really acted upon—the other party acting differently, that is to say from the way he would otherwise have acted, so that to deny the representation would prejudice him—no estoppel arises." Bigelow on Estop. [5 Ed.] 638.

These elements of estoppel are not mentioned in the instruction above quoted. Conceding that Symons, with the knowledge of the plaintiff, falsely held himself out as the owner of the goods, yet the plaintiff was not estopped from asserting her title and reclaiming the goods unless said attaching creditors trusted Symons, and were induced to and did sell him goods honestly, relying on the truth of such false appearances; that is, that they would not have sold said goods to Symons

except upon the assumption that he was in fact the owner of the stock of goods in question.

As to the suggestion in respondent's brief, that the motion for new trial was not filed within four days after the verdict, it is sufficient to say that the bill of exceptions affirmatively shows that plaintiff did file her motion for new trial "during said term, and within four days after the return of said verdict, and this recitation in the record is conclusive."

The judgment will be reversed and cause remanded. All concur.