**In re AMERICAN BOILER WORKS, Inc.**

No. 22199.

United States District Court,
W. D. Pennsylvania.

July 1, 1954.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., W. Wendell Stanton, Asst. U. S. Atty., Leon Statenstein, D. E. Weatherly, Washington, D. C., for the Government.

Henry A. MacDonald, Frederick F. Jones, Gifford, Graham, MacDonald & Illig, Erie, Pa., for trustee in bankruptcy.

Wm. W. Knox, Conrad A. Pearson, Erie, Pa., for J. N. Wilson Co.

John G. Gent, Brooks, Curtze & Gent, Erie, Pa., for Crane Co.

A. Grant Walker, Erie, Pa., for Erie Strayer Co.

V. H. Elderkin, Isaac J. Silin, Erie, Pa., for Erie Concrete & Steel Supply Co., Electroweld Mfg. Corp., Perry Mill Supply Co. and Dobi Plumbing & Heating Supply Co.

MARSH, District Judge.

The Department of Navy, Bureau of Ships, through the United States Attorney, filed a reclamation petition for certain items of property in possession of the Trustee in Bankruptcy of American Boiler Works, Inc. This company was declared a bankrupt on March 15, 1954. It had entered into a written contract with the United States dated November 17, 1951, for the construction of seven harbor tugs for the Navy.

The General Provisions of the contract, Article 3, Liens and Title, (c), provide:

"Title to the vessels under construction shall be in the Government and title to all materials and equipment acquired for each vessel shall vest in the Government upon delivery thereof to the plant of the Contractor or other place of storage selected by the Contractor, which-

ever of such events shall first occur: * * *."

Upon demand the Trustee refuses to deliver the items of property consisting of partially completed vessels and items of property purchased for installation therein to the Department of the Navy. He denies that the Government has title pursuant to Article 3(c), but avers that other provisions of the contract, particularly Article 8(d) and Article 9, disclose a contrary intention or at least an ambiguity. He also denies that the Government has title because it has not made payment for all the materials to the contractor or its Trustee in Bankruptcy. He also contends that the applicable law supports his position that the Government does not have title pursuant to the contract. We do not agree.

██ The provision vesting title in the Government is plain and unambiguous, as we interpret it. The property delivered to the bankrupt and now in possession of the Trustee, whether in the form of uncompleted vessels or material intended to be used in their construction, is the property of the United States. The other provisions of the contract above referred to, in our opinion, simply strengthen this interpretation by making doubly sure that the title to the material vests in the Government upon the happening of certain specified contingencies. Thus, finding as we do that the title is in the Government, the reclamation petition shall be granted in respect to the items of property which were delivered to the bankrupt for the purpose of building these tugs and which are now in possession of the Trustee.

██ The representations of counsel for the Navy we think afford sufficiently urgent reasons for the court to undertake prompt adjudication of the petition for reclamation rather than refer same to the Referee in Bankruptcy under Rule 14(c) of the Rules in Bankruptcy for this District, and to enforce the plain provisions of the contract without further delay.

██ The liens asserted by the intervening creditors pursuant to Pennsyl-

vania statutory law and otherwise, cannot defeat the Government's right to have its property upon demand. See In re Read-York, Inc., 7 Cir., 1945, 152 F.2d 313; United States v. Alabama, 1941, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327; United States v. Ansonia Brass & Copper Co., 1910, 218 U.S. 452, 31 S. Ct. 49, 54 L.Ed. 1107; In re Greenstreet, Inc., 7 Cir., 1954, 209 F.2d 660; United States v. Cardinale Warehousing Corp., D.C.D.N.J.1946, 65 F.Supp. 760. As Judge Meaney said in the last cited case at page 762 of 65 F.Supp.: "It would be intolerable to imagine that the United States would not have the right at all times and under all circumstances to the possession of such materials 'purchased * * * to promote the defense of the United States'." Compare with Title Guaranty & Trust Co. v. Crane Co., 1910, 219 U.S. 24, 31 S.Ct. 140, 55 L.Ed. 72.

■ The Trustee has suggested that Section 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, might be utilized by the court to defeat the Government's right to have this property, but, as stated in In re Greenstreet, Inc., supra, where the Trustee insisted that the Act applied to the United States, it was said on page 664 of 209 F.2d:

"* * * the United States, as a sovereign, is not bound by a statute which in its general terms would divest it of pre-existing rights or privileges. [Citing cases.] Moreover, the Supreme Court has specifically held that the United States is not subject to the general provisions of the Bankruptcy Act unless specifically named therein. [Citing cases.] The sovereign immunity from suit is a right and privilege which can be divested only by specific congressional enactment so providing. [Citing cases.]"

The United States is not specifically named in Section 70, sub. e of the Bankruptcy Act.

An order was entered by the Court granting the reclamation.