In the Matter of **AMERICAN BOILER WORKS, Inc., Bankrupt.**

**W. Louis Schlesinger, Trustee in Bankruptcy, Appellant.**

**No. 11400.**

United States Court of Appeals, Third Circuit.

Argued Feb. 25, 1955.

Decided March 16, 1955.

---

5. See the last paragraph of Judge Holmes' opinion 155 F.2d 310, 315.

Frederick F. Jones, Erie, Pa. (Henry A. MacDonald, Irving Olds Murphy, Gifford, Graham, MacDonald & Illig, Erie, Pa., on the brief), for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa. (John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., Paul L. Laskin, Attorney, U. S. Navy Dept., Dorchester, Mass., on the brief), for appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from an order in bankruptcy by which the court granted a reclamation petition filed by the Department of the Navy, Bureau of Ships, D.C., 123 F.Supp. 352. The petition sought to obtain certain items of property in possession of the trustee for the bankrupt.

The bankrupt, American Boiler Works, Inc., entered into a contract with the United States on November 17, 1951, for the building of seven 65-foot harbor tugs. The company was declared a bankrupt on March 15, 1954. We are advised that there is pending before the Armed Services Board of Contract Appeals a contest concerning the correctness of the Navy's declaration of default by the contractor in the performance of his contract. That proceeding has nothing to do with the present litigation. Instead, this contest concerns an inventory which includes the seven harbor tugs in various stages of completion plus equipment acquired for but not yet incorporated into the vessels. The reclamation claim is based upon Article 3 of the contract between the parties. It says:

"General Provisions.

"Article 3. Liens and Title.

"(c) Title to the vessels under construction shall be in the Government and title to all materials and equipment acquired for each vessel shall vest in the Government upon delivery thereof to the plant of the Contractor or other place of storage selected by the Contractor, whichever of said events shall first occur * * *."

What are the rights of the government under such a provision? It is obviously clear that cases decided under contract language which vests title to the government as and when material is paid for do not help us here. See United States v. Ansonia Brass & Copper Company, 1910, 218 U.S. 452, 31 S.Ct. 49, 54 L.Ed. 1107; In re Read-York, Inc., 7 Cir., 1945, 152 F.2d 313. Nor is the closest case cited to us, In re Greenstreet, Inc., 7 Cir., 1954, 209 F.2d 660, directly in point since material involved in that reclamation proceeding was material owned by the United States and turned over to the bankrupt to be worked upon. That decision is helpful, however, in outlining the extent to which

the government's filing of a claim in bankruptcy subjects it to counterclaim on behalf of the trustee.

■ But one does not need a citation of decided cases to understand the language above quoted in Article 3 of the contract between the parties. It is as clear as English words can make it. The title, both to the vessels and to materials, vested in the government with no ifs, ands or buts. And without any mention of payment as a prerequisite thereto.

The appellant calls attention to Article 8 of the contract which has to do with default. He argues that the provision that following termination the government may require the contractor to transfer title is meaningless if Article 3 covers the whole situation. We do not think he is right. The very provision relied upon has a parenthetical clause ("insofar as not previously transferred") which is apposite to the clause with regard to transfer of title by the contractor. We think that the language just referred to, put in out of abundant caution, must not be read to qualify the clear and conclusive language of Article 3 above set out.

■ The language of the article is designed to protect the rights of the government. After all, this is a contract made by an agency charged with the national defense and it is quite understandable that prompt and decisive action is required when a contractor is unable to carry out his agreement. Regardless of whether the reason back of the provision is beneficent or harsh, however, here we have the sovereign making a contract. In the absence of constitutional inhibitions the sovereign can make such contract as it pleases and no one can object. Nor is the sovereign required to comply with state recording statutes. In re Read-York, supra, and cases cited therein, 152 F.2d at pages 316–318.

The judgment of the district court will be affirmed.