William B. TEASDALE, Trustee in Bankruptcy of the Royal Laundries, Inc. and Royal Cleaners, Inc., Bankrupts, Appellant,

v.

PROSPERITY COMPANY, Inc., Appellee.

No. 16635.

United States Court of Appeals
Eighth Circuit.

May 12, 1961.

Arnold N. Shanberg, Kansas City, Mo., I. Frank Rope, Herbert M. Rope, Kansas City, Mo., on the brief, for appellant.

Charles E. Hoffhaus, Kansas City, Mo., for appellee; Albert F. Hillix, Hillix,

Hall, Hasburgh, Brown & Hoffhaus, Kansas City, Mo., on the brief.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court confirming an order of the Referee in Bankruptcy granting petitions filed by The Prosperity Company, Inc., of Syracuse, New York (hereafter called "Prosperity"), for reclamation of certain laundry and dry cleaning machinery and equipment which it had sold in 1957 on contract to Charles D. Robinson and June Robinson, and which had been installed in a building belonging to them at 3717 Broadway in Kansas City Missouri; had been used by the Royal Laundry, Inc. and Royal Cleaners, Inc., Missouri corporations, in the conduct of a laundry and dry cleaning business in that building; and had come into the hands of William B. Teasdale, Trustee in bankruptcy for those corporations.

Involuntary petitions in bankruptcy had been filed against Royal Laundries, Inc. and Royal Cleaners, Inc., on January 17, 1959. Teasdale was first appointed Receiver of the alleged bankrupts. They filed answers and consents to adjudication on January 26, 1959, and were adjudicated bankrupts on that day. On March 4, 1959, Teasdale was appointed Trustee in bankruptcy in both proceedings, which were consolidated on March 30, 1959. The petitions for reclamation were filed by Prosperity on February 18, 1959, prior to the consolidation of the cases. Each petition sought reclamation of the same equipment. The Trustee filed an answer to the petitions on March 9, 1959.

The parties stipulated that the property sought to be reclaimed by Prosperity might be sold by it and the net proceeds of the sale deposited in escrow to await the outcome of the reclamation proceeding.

Prosperity, in substance, asserted that it had sold the equipment which it sought to reclaim to the Robinsons as individuals, under a written agreement dated August 10, 1957, which provided that title to the property should remain in Prosperity until the full purchase price was paid; that the Robinsons made a down payment and gave to Prosperity a note for the balance, secured by a chattel mortgage upon part of the equipment sold, dated February 26, 1958, and filed March 3, 1958; that the chattel mortgage provided for repossession of the mortgaged property by Prosperity if payments were not made when due; that the Robinsons defaulted in their payments; that, pursuant to the agreement of August 10, 1957, other items of equipment were later delivered by Prosperity to the Robinsons, for which no payments were made; that Prosperity is entitled to repossess all of the equipment under the agreement of August 10, 1957, and the chattel mortgage covering part of it; and that Teasdale, Trustee in bankruptcy for the bankrupts, has possession of it.

The position of the Trustee can be gleaned from the following paragraphs of his Answer to the Petitions for Reclamation:

"11. Your Trustee, further answering, affirmatively states that following the delivery to the bankrupts and installation in the premises thereof of all of the property mentioned in said petitions, same was allowed to remain in the possession of and on the premises of said bankrupts for a period of approximately three months in the apparent ownership of said bankrupts, during which time no instrument of any nature exhibiting the claim of petitioner was filed or recorded, as required by law, and that during said time, said bankrupts incurred obligations in the amount of many thousands of dollars in favor of intervening creditors, which claims remain unpaid, said credit having been extended upon the faith of the possession and apparent ownership by the bankrupts of said property, and that

said petitioner is thereby estopped to set up its claim, if any.

"12. Your Trustee, further answering, states that the filing upon March 3, 1958, of the chattel mortgage mentioned in Paragraph 4 of said petitions was, for the reasons hereinabove set forth, ineffective and insufficient in law to impart notice thereof to the creditors of said bankrupts and was as to such creditors, at all times, no notice whatsoever, actual or constructive, and that said creditors, in reliance upon the possession and apparent ownership therein, did extend credit to said bankrupts and remain unpaid.

"13. Your Trustee, further answering, states that even if said chattel mortgage mentioned in Paragraph 4 of said petitions was sufficient to impart notice of the alleged lien of petitioner, which, however, is specifically denied, that a period of five days elapsed between the execution and filing thereof, during which intervening creditors extended credit to said bankrupts upon the faith of said possession and apparent ownership, and that the claims of said creditors are thereby a bar to the recovery of said property by petitioner."

The issues raised by the reclamation petitions of Prosperity and the Trustee's answer thereto were tried to the Referee. From the evidence adduced before the Referee, he determined that all of the equipment sought to be reclaimed by Prosperity was sold by it to the Robinsons as individuals pursuant to the agreement of August 10, 1957, or proper modification thereof; that no part of the equipment was sold by Prosperity to the bankrupt corporations; that at no time did they have title to it; that the chattel mortgage covering part of the equipment required its return to Prosperity upon default of payment; and that the balance of the equipment was subject to the agreement of August 10, 1957, with the Robinsons, which provided that title to all the equipment

should remain in Prosperity until fully paid for; that the Robinsons defaulted in the payments required by the chattel mortgage and by the agreement of August 10, 1957; and that Prosperity did nothing to indicate to third persons that the equipment belonged to the bankrupts, rather than to the Robinsons individually, and did not mislead the creditors of the bankrupt corporations as to the ownership of the equipment, nor defraud them.

The Referee concluded that Prosperity was entitled to reclaim all of the property described in its petitions, or the proceeds thereof. An order was entered accordingly, granting the petitions for reclamation.

The Trustee filed a petition for review. The District Court, in a memorandum opinion, pointed out that Prosperity was not involved in the bankruptcy proceedings except by way of its reclamation petitions; that it made no claim as a creditor of either bankrupt; that the record made before the Referee showed that Prosperity sold the equipment sought to be reclaimed, to the Robinsons personally under contract which permitted assignment of the equipment by the purchasers, but required the Robinsons to remain fully liable for payment of the purchase price and the faithful performance of the contract; that the record also showed that one creditor of the bankrupts, at the request of the Robinsons, had done wiring in connection with the installation of the equipment, and had been told to bill "Royal Laundry & Dry Cleaning"; that from another creditor the Robinsons had ordered some printing, to be charged to "Royal Laundry & Cleaners"; and that the record failed to disclose that either of these creditors had dealt with Prosperity or had ever made any claim to, or asserted any right, title to or lien upon, the equipment used by the bankrupts and sought to be reclaimed.

The District Court concluded that the only important question for determination was whether Prosperity was estopped to reclaim its equipment because

of the conceded default of the Robinsons in paying for it. With respect to that question, the court said:

" \* \* \* The Referee found: 'The petitioner [Prosperity] took no action calculated to indicate to third persons that said property belonged to the Bankrupts, rather than to said individuals, Charles D. and June Robinson.' Such a finding is more a conclusion of law than a finding of fact, but, perhaps, permissible here in light of the additional fact that there was no evidence adduced by the Trustee that any person, creditor or otherwise, ever heard any misrepresentation made by Prosperity in respect to the true ownership or interest in such personal property, nor that any creditor was ignorant of the true facts, and that they did not have equal means of knowledge available by due diligence, even to the making of a mere inquiry as to the ownership thereof.

"The indisputable elements of estoppel of one clothing another with the apparent title or power of disposition of personal property are: (1) intentional or careless misrepresentations of known material facts inconsistent with subsequent claim; (2) ignorance of the truth and absence of equal means of knowledge of the party claiming estoppel; (3) action by him induced by the misrepresentation; and (4) injury to him if the truth should be proved. New York Life Insurance Co. v. Rees (8 Cir., 1927) 19 F.2d 781. 'The important and primary ground of estoppel by matter *in pais* is that it would be fraud in a party to assert what his previous conduct had denied when on the faith of that denial others have acted.' Lange v. [New York Life] Insurance Co., [254 Mo. 488], 162 S.W. 589, l. c. 595. When such rule is applied to ostensible ownership of personal property, as here asserted, there can be no estoppel on matters *in pais*

because of silence alone. Mitchell v. Newton County Bank (Spf.Ct. of App.) [220 Mo.App. 223] 282 S.W. 729; (cf.) Nave-McCord Mercantile Co. v. Ranney (C.C.A.8, Mo.) 29 F. 2d 383; Anthony v. Midwest Live Stock Commission Co. (Mo.1924), 260 S.W. 94; Held v. Reis, (Mo. 1946) 193 S.W.2d 17; Rosenthal v. Jenkins, 67 Mo.App. 295.

"The Referee was correct in his conclusion of law, that 'the facts in evidence do not warrant the legal inference that petitioner in any way misrepresented its position or acted fraudulently or in bad faith with regard to creditors of the bankrupt corporations.' \* \* \*"

This Court is asked to reverse the order appealed from on the ground that it must be held that, under the evidence, Prosperity is estopped, as against the Trustee and the creditors of the bankrupts, from reclaiming the equipment sold to the Robinsons and used by the bankrupts in operating their laundry and dry cleaning establishment under some arrangement with the Robinsons the nature of which is not disclosed by the evidence. The issues of ownership and estoppel tried by the Referee were, under the evidence, clearly questions of fact.

■ "It is a settled rule of this and other courts that the findings of fact by a referee in bankruptcy, if supported by substantial evidence, are not clearly erroneous; and, if approved and confirmed and adopted by the district court, they will not be disturbed on appeal." Boyce v. Chemical Plastics, Inc., 8 Cir., 175 F.2d 839, 841. See, also: Equitable Life Assur. Soc. of United States v. Deutschle, 8 Cir., 132 F.2d 525, 526; Link v. Boeshans, 8 Cir., 151 F.2d 322, 325.

■ This is clearly not a case in which Prosperity was shown to have held the bankrupt corporations out as owners of the equipment it had sold to the Robinsons, nor to have by misrepresentation induced any person to extend credit to the bankrupts in the belief that they owned the equipment. There is no ade-

quate evidentiary basis in the record for a finding that any creditor actually extended credit to the bankrupts in the justifiable belief that they were the owners of the equipment sought to be reclaimed. There can be no estoppel by silence where there is no obligation to speak. See: Wiser v. Lawler, 189 U.S. 260, 270, 271, 23 S.Ct. 624, 47 L.Ed. 802; Greey v. Dockendorff, 231 U.S. 513, 516, 34 S.Ct. 166, 58 L.Ed. 339; Codell v. American Surety Co., 6 Cir., 149 F.2d 854, 856–857. As was said in Greey v. Dockendorff, supra, 231 U.S. on page 516, 34 S.Ct. on page 167, "There was no active concealment and no attempt to mislead anyone interested to know the truth." Self-deception on the part of some of the bankrupts' creditors as to the ownership of the equipment used by the bankrupts in their business cannot serve to deprive Prosperity of its contractual rights to reclaim.

The order appealed from is affirmed.