SHEPARD ENGINEERING COMPANY,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16551.

United States Court of Appeals
Eighth Circuit.

May 17, 1961.

Milton Yawitz and Robert H. Batts, St. Louis, Mo., for appellant.

W. Francis Murrell, Asst. U. S. Atty., and William H. Webster, U. S. Atty., St. Louis, Mo., for appellee.

Before WOODROUGH, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

Appellant has filed a petition for rehearing, urging that we have overlooked a controlling principle of law, application

of which would require reversal of the judgment appealed from. More specifically, the claim is advanced that even if title to the subject property had passed to the Government, within the meaning of the partial payments clause, it is estopped to assert title, inasmuch as it had invested Diamond with such evidence of ownership as to mislead appellant, a good faith purchaser for value.

■■ Although this contention was not specifically raised in appellant's original brief, nor discussed in detail in our prior opinion, it is clearly without merit. We understand the rule to be well established that the United States will not be bound or estopped by acts of its agents, even where it might be said that there are grounds for estoppel. See and compare, Utah Power & Light Co. v. United States, 243 U.S. 389, 408, 409, 37 S.Ct. 387, 61 L.Ed. 791; Stone v. United States, 8 Cir., 286 F.2d 56, 59; United States v. Hoffart, 8 Cir., 256 F.2d 186, 192; Cole v. Railroad Retirement Board, 8 Cir., 289 F.2d 65. Fundamentally, of course, we have the fact that grounds for assertion of estoppel are simply not present in the record before us. See Teasdale v. The Prosperity Company, Inc., 290 F.2d 345, reiterating the elements necessary for application of the doctrine. We find nothing in the record to indicate that the Government, directly or indirectly, took any action calculated to show that the aluminum belonged to Diamond, or to otherwise mislead Shepard. See Teasdale, supra, 290 F.2d at page 347.

■■ The appellant again urges that the United States had no legal right to amend the prime contract to provide for partial payments and transfer of title, without notification to, and consent of appellant, the subcontractor. Basically, of course, appellant's real complaint rests upon the proposition that, in accordance with the terms of its contract with Diamond, it purchased and paid for the aluminum, and that therefore, it should have title to the same. Unfortunately, the fact remains that at the time of this purported purchase, Diamond had no title to transfer—under the clear and unambiguous terms of the partial payments clause, title had vested in the United States. Certainly, the Government had no knowledge of Diamond's arrangements with its sub-contractors, and it cannot be bound to have such knowledge or concern with the arrangements of others who might wish to deal with its contractors. See and compare United States v. Ansonia Brass & Copper Co., 218 U.S. 452, 472–475, 31 S.Ct. 49, 54 L.Ed. 1107. Cf. Armstrong v. United States, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554. The prime contract provided for sub-contracts, to be subject to the terms and arrangements of the prime contract. By the terms of the sub-contract, appellant specifically agreed "to be subject to all terms and conditions of the original contract, as applicable to subcontractors." Appellant has no standing in law to complain of arrangements and agreements between Diamond and the United States Government. The prime contract was not a tri-party agreement, nor a contract for the benefit of third parties. On October 1, 1954, when the partial payment provisions were incorporated, and on October 6, when the first partial payment was made, vesting title in the United States, appellant had no title, nor legal interest in the aluminum, indeed, it appears from the record that appellant did not even acquire possession until a subsequent date.

■ Undoubtedly, under happier circumstances, appellant could pursue its remedy against Diamond and recoup its loss. While it is regrettable that appellant finds itself the loser because of the insolvency and bankruptcy of Diamond, that clearly must be the result. "In the absence of constitutional inhibitions the sovereign can make such contract as it pleases and no one can object." In re American Boiler Works, 3 Cir., 220 F.2d 319, 321. As was the case in American Boiler Works, supra, the contract here is in plain English, "with no ifs, ands or buts," and under the facts, it is clear that

 

title had vested in the United States prior to appellant's purported purchase of the aluminum in question. See also In re Read-York, Inc., 7 Cir., 152 F.2d 313.[1]

Petition for rehearing denied.

---

1. For interesting development when state mechanic's liens may be involved, and there is no provision for vesting of title with progress payments, see Armstrong v. United States, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554, reversing Ct.Cl., 169 F.Supp. 259.