**NOSTROMO, INC., Appellant,**

v.

**Walter FAHRENKROG, Trustee of the Estate of Holiday Homes, Inc., Appellee.**

No. 18729.

United States Court of Appeals Eighth Circuit.

Jan. 30, 1968.

Stephen A. Hart, Jr., Davenport, Iowa, for appellant; Martin F. McCarthy, Davenport, Iowa, on the brief.

James R. Havercamp, Davenport, Iowa, for appellee.

R. Richard Bittner and Ronald L. Saylor, Davenport, Iowa, amici curiae.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal lies from a district court order sustaining an order of the referee in bankruptcy holding that the trustee had assumed an executory real estate contract within the terms prescribed by § 70(b) of the Bankruptcy Act, 11 U.S.C.A. § 110(b). We affirm.

An involuntary petition in bankruptcy was filed against Holiday Homes, Inc. on January 4, 1966, and said corporation was adjudicated a bankrupt on January 17, 1966. Its only substantial asset was equity in a real estate contract entered into on or about November 17, 1964 for the purchase of certain city property which the bankrupt, in cooperation with the contract seller, had platted into lots known as Carriage Hill Addition to the City of Davenport, Iowa. This real estate was unimproved and the contract provided for a substantial down payment and additional payments on the property as the lots were sold. The terms of the contract, as well as the statutes of Iowa, provided that in case of contract default the purchaser's interest therein would be extinguished if the default were not cured within thirty days of the service of notice.

On November 19, 1965, Lillie Schaefer, the seller, assigned her interest in the contract to Nostromo, Inc., a newly formed corporation. At the time of the transaction, the real estate contract between Lillie Schaefer and Holiday was in default, and on December 6, 1965 Nostromo caused a notice of forfeiture of the contract to be served on Holiday, which at that time was insolvent. On January 4, 1966, when the involuntary petition in bankruptcy was filed, Holiday filed a petition for injunction and

stay order which was granted by the referee, who found that the assets of the bankrupt estate were likely to be substantially impaired and preference to certain creditors created under the real estate contract if the petition were not granted, and ordered that all proceedings relating to the forfeiture of the real estate contract be stayed instanter.

On the second day of March, 1966, Walter Fahrenkrog was appointed trustee in bankruptcy and he qualified by filing his bond on March 7, 1966. On March 25, 1966, the trustee filed an inventory listing the city lots and other assets of the bankrupt which included only a duplicating machine, office supplies, books, records and a small checking account. On the same day the trustee filed a petition requesting that appraisers be appointed to appraise the property.

On May 23, 1966, the trustee filed a petition alleging the bankrupt's possession of the lots at the date of the filing of the involuntary petition and sought authorization to sell said lots free and clear of liens. Nostromo, Inc. resisted the action of the trustee, alleging that he had no interest in the real estate. Although it was not at issue under any pleading, the referee found that there was no evidence in the record that the trustee affirmatively assumed the real estate contract within thirty days following his qualification or within sixty days after the adjudication of bankruptcy. Thus, the referee held that the trustee had failed to comply with the provisions of § 70(b) of the Bankruptcy Act, 11 U.S.C.A. § 110(b), which provides:

"(b) The trustee shall assume or reject an executory contract, including an unexpired lease of real property, within sixty days after the adjudication or within thirty days after the qualification of the trustee, whichever is later, but the court may for cause shown extend or reduce the time. Any such contract or lease not assumed or rejected within that time shall be deemed to be rejected. If a trustee is not appointed, any such contract or lease shall be deemed to be rejected within thirty days after the date of the order directing that a trustee be not appointed. A trustee shall file, within sixty days after adjudication or within thirty days after he has qualified, whichever is later, unless the court for cause shown extends or reduces the time, a statement under oath showing which, if any, of the contracts of the bankrupt are executory in whole or in part, including unexpired leases of real property, and which, if any, have been rejected by the trustee. Unless a lease of real property expressly otherwise provides, a rejection of the lease or of any covenant therein by the trustee of the lessor does not deprive the lessee of his estate. A general covenant or condition in a lease that it shall not be assigned shall not be construed to prevent the trustee from assuming the same at his election and subsequently assigning the same; but an express covenant that an assignment by operation of law or the bankruptcy of a specified party thereto or of either party shall terminate the lease or give the other party an election to terminate the same is enforcible. A trustee who elects to assume a contract or lease of the bankrupt and who subsequently with the approval of the court and upon such terms and conditions as the court may fix after hearing upon notice to the other party to the contract or lease, assigns the contract or lease to a third person, is not liable for breaches occurring after the assignment."

Inasmuch as the decisional point had not been at issue before the referee, the trustee filed a petition for a rehearing which was granted, and the trustee was permitted to offer evidence on the matter. When such evidence was adduced, the referee modified his original order finding that the trustee's attorney had communicated with Nostromo's attorney within the statutory period for the assumption of the contract for sale of the real estate in question and had

notified Nostromo that Holiday was assuming the contract. The final order authorized the trustee to sell the lots free and clear of liens if a bond were posted equal to the balance on the contract, including interest. Upon a petition for review of this modified order, The Honorable Roy L. Stephenson, Chief Judge of the United States District Court for the Southern District of Iowa, affirmed the order of the referee.

Nostromo contended in hearings before the referee and the District Court that the contract of sale had been forfeited and that the trustee had failed to assume the executory contract in compliance with § 70(b) of the Bankruptcy Act. The sole issue before this court is the determination of whether the District Court correctly held that the trustee timely complied with § 70(b) by oral communication of the assumption of the real estate contract.

The following testimony of the attorney for the trustee constitutes the only evidence on the matter:

"Q. Have you been retained to represent the trustee in this matter as his attorney? A. Yes, I have.

"Q. When were you so retained? A. It would be on or about the 10th of March, 1966.

"Q. From and after the time of your retention, did you ever have an opportunity to discuss the matter of this vendee's interest in this real estate contract for the acquisition of Carriage Hill Addition with any representative of Nostromo, Inc.? A. Yes, I did.

"Q. With whom? A. Mr. Martin McCarthy, attorney for Nostromo, Inc.

"Q. What was the nature of these conversations? A. In sum and substance I stated that the only asset was for the sale of a contract for these lots; that we were going to inventory the lots and dispose of them in bankruptcy, and that we would pay Nostromo, Inc., subject to order of Court, their advance on the contract and on their mechanic's liens for which they had made advancements.

"Q. Did a conversation of this nature appear on or before March 17, 1966? A. I cannot say the exact date, but prior to that date I had a conversation with Mr. McCarthy, and subsequent to that time we have had other conversations regarding this."

The referee's finding of fact on this issue is in the following language:

"The trustee herein, by his attorney, within thirty days subsequent to the qualification of the trustee in this cause did orally communicate with the attorney for Nostromo, Inc., and the vendor herein, and indicate thereby that the trustee was assuming the contract for the sale of the real estate in question and that it was the trustee's intention to offer the real estate for sale at public auction and from the proceeds honor the debt of Holiday Homes, Inc., to Nostromo, Inc."

Section 70(b) provides that the trustee shall assume or reject an executory contract within sixty days after the adjudication or within thirty days after the qualification of the trustee, whichever is later. The Act does not provide any formal manner in which the trustee shall make the assumption, and in this instance the notice of assumption was made orally, but well within thirty days after the qualification of the trustee.

It is on the basis of this undisputed evidence that the referee held that this notification complied with § 70(b), and upon the same evidence that the District Court affirmed the referee. It is singular to note that, although appellant's attorney was present and participated in the hearing, he did not deny being notified of the fact that the trustee had elected to assume the contract. It would, of course, have been better practice for the trustee to have given notice of assumption of the contract in writing or through some report filed with the referee, but the statute makes no such formal requirement. The statute does require that any such contract not assumed or rejected within the time prescribed shall be deemed to be rejected. But the trustee here not only orally

gave timely notice of his assumption of the contract in question to the interested parties, but additionally on March 25, 1966, which was also within thirty days after his qualification, filed an inventory with the referee listing these lots as an asset of the estate and requested that appraisers be appointed. Since the statute does not specify any written notice of assumption, we cannot engraft any formalities into the statute, and we know of no good reason why oral notice of assumption as was made in this case does not suffice. See and compare In re Forgee Metal Products, Inc., 229 F.2d 799 (3rd Cir. 1956); 4 Collier on Bankruptcy ¶ 70.43[6], at 1359 (14th ed. 1964).

Aside from the oral notification, everyone concerned, including the referee and the appellant, knew the situation from the inception of the bankruptcy proceedings. The bankrupt had become insolvent by reason of some mechanics' liens, and on the day the petition was filed the bankruptcy court issued its order enjoining the forfeiture proceedings by reason of the liens. Furthermore, this question was not even raised in the original hearing before the referee but the involvement of § 70(b) was only brought to light by the referee's original opinion. For that reason, the referee granted the trustee's petition for rehearing in order to give him an opportunity to present evidence on the matter, which resulted in the referee's final modified order. We are convinced from the evidence that the referee correctly determined that notice of the trustee's intention to assume the executory contract was given to appellant prior to March 17, and perhaps on other occasions before the expiration of the time limit prescribed by the statute, which would have been April 7, 1966. The rule in this circuit is as stated by Judge Ridge in Tarutis v. United States (Small Business Administration, Agency), 354 F.2d 546, 549 (8th Cir. 1965):

"Where the Referee's findings of fact are approved on review by the District Court, they are presumptively correct and should be allowed to stand unless some obvious error has occurred in the application of the law, or some serious or important mistake has been made in the consideration of the evidence by the Referee."

To the same effect, see American Nat. Bank & Trust Co. of Chicago, Ill. v. Bone, 333 F.2d 984 (8th Cir. 1964); Gross v. Fidelity & Deposit Co. of Md., 302 F.2d 338 (8th Cir. 1962); Employers Mut. Cas. Co. v. Hinshaw, 309 F.2d 806 (8th Cir. 1962); Teasdale v. Prosperity Co., 290 F.2d 345 (8th Cir. 1961); Fed.R.Civ.P. 52(a).

We do not find it necessary or proper to consider the issues of waiver and estoppel because these issues are raised for the first time here. We said in Wackerle v. Pacific Employers Ins. Co., 219 F.2d 1, 7, 52 A.L.R.2d 814 (8th Cir. 1955): "Estoppel is an affirmative defense which must be pleaded. Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. If not pleaded the defense can not be raised on appeal. (Citations omitted.)"

Appellant here was equitably dealt with. The referee in his conclusion of law provided that the interested creditors be required to post a cash bond to protect the lienholders; otherwise the approval of sale of the lots would be deemed withdrawn.[1]

The order of the District Court is affirmed.

---

1. The referee's order contains the following provision:
   "That the petitioning creditors be, and they are hereby directed to post a cash bond with the trustee equal to the balance due on the contract between Holiday Homes, Inc., and Nostromo, Inc., referred to above, together with interest thereon at the contract rate to date, within thirty days of the date of this order. That in the event of their failure to do so and in the further event that at that time the trustee has failed to effect a sale of the property in a sum at least equal to the amount due on the contract plus interest then the approval for the sale by the Court shall deem to be withdrawn."