429 F.Supp. 1015 (1977)
In the Matter of TERRE DU LAC, INC., a Missouri Corporation, Debtor-Appellant.
Nos. 75-1035B(1), 77-0130C(1).
United States District Court, E. D. Missouri, E. D.
April 18, 1977.
*1016 Gerald A. Rimmel, Clayton, Mo., for plaintiff.
Charles W. Medley, Farmington, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on an appeal from the October 27, 1976, order of the Honorable John J. Shanahan, Bankruptcy Judge, wherein the claim of Melvin and Norma Curdt (hereinafter Curdts), Claim No. 163, was dismissed without prejudice. For the reasons stated below, the ruling of the Bankruptcy Court will be affirmed.
On October 31, 1975, the Curdts filed a proof of claim in the above-styled Chapter XI proceeding, alleging that Terre Du Lac, Inc., debtor-appellant, was indebted to them in the amount of ninety thousand dollars ($90,000). The Curdts' claim in the Chapter XI proceeding was based upon their claim for damages against the debtor as set out in a two-count petition, which was filed by the Curdts prior to the institution of these Chapter XI proceedings, in the Circuit Court of St. Francois County, Missouri, Cause No. 24,191. In Count I of their complaint, the Curdts alleged that the debtor constructed, upon its property, a cesspool or sewerage lagoon which was located within a few feet of the property line between the debtor and the Curdts, that the lagoon drained onto the Curdts property, that the lagoon diverted rainfall from its natural course, and that because of the excavation done in the construction of the lagoon, vast amounts of mud and debris have been carried upon the Curdts' land by surface water. The Curdts claimed that these conditions were caused by the intentional, willful, malicious, and negligent acts of the debtor, and that the debtor has failed to comply with the provisions of R.S.Mo., § 204.006, et seq., (1969). Accordingly, the Curdts seek punitive and actual damages, as well as injunctive relief. In Count II, it is alleged that the debtor wrongfully and willfully tore down a fence which separated its property from the Curdts', entered upon the Curdts' land, injured and destroyed trees thereon, and carried away dirt and clay. These acts were allegedly done in violation of R.S.Mo., § 537.340, for which treble damages are sought, and R.S.Mo., § 537.350, for which double damages are sought.
On September 17, 1976, the Curdts filed a motion to dismiss Claim No. 163. The Bankruptcy Court concluded that the *1017 Curdts' allegations in both Counts I and II did not create an action for negligence under section 63(a)(7) of the Bankruptcy Act, 11 U.S.C. § 103(a)(7), and, therefore, were not provable, allowable, or dischargeable. The debtor has appealed, and the issue presented is whether the Bankruptcy Court erred in dismissing the claim without prejudice to the right of the claimants to pursue their claim in another forum.
Initially, debtor contends that since the Bankruptcy Act does not specifically provide that tort claims such as those herein are barred, that the Bankruptcy Judge abused his discretion in dismissing the claim. Section 63 of the Bankruptcy Act does not list those specific types of claims which are barred, rather it sets out those types of claims which may be proved and allowed against the bankrupt. Thus, it is clear that those types of claims not provided for in section 63 are barred, and no provision specifically barring such claims is required. Accordingly, debtor's initial argument is without merit.
Next, debtor contends that because the Curdts allege in their petition that the debtor violated certain state statutes, that the Curdts' claim is based upon either an implied or quasi-contractual obligation rather than a tort. While the Curdts do allege that the debtor violated certain state statutes, this does not alter the fact that the Curdts' claims are based upon the alleged tortious acts of the debtor  not contract law. Therefore, the Bankruptcy Judge did not abuse his discretion in dismissing the claim.
Debtor argues that the Curdts' claim, in particular the claim set out in Count I of the Curdts' petition, is a claim for a negligent tort which was instituted prior to and pending at the time of the filing of the bankruptcy petition. In their petition, the only basis for the Curdts' claim, the Curdts allege in Count II that the acts complained of therein were done intentionally, but in Count I they allege that the acts complained of therein were both intentional and negligent. Hence, the debtor contends that the Court should strike or ignore the allegations of intentional tort, and allow the claim for negligence to remain and be proved and allowed under 11 U.S.C. § 103(a)(7), which provides in pertinent part:
"(a) Debts of the bankrupt may be proved and allowed . . . which are founded upon . . . (7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; . . ."
As noted by both parties, it is within the sound discretion of the Bankruptcy Court to determine whether the Curdts' claim was provable and allowable. Moreover, the Bankruptcy Court's findings should be set aside only if they are clearly erroneous, F.R.C.P. 52(a); Monroe v. Cussen, 454 F.2d 1151 (9th Cir. 1972), cert. denied, 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed.2d 86 (1972), and the findings are not clearly erroneous, if they are supported by substantial evidence. Teasdale v. Prosperity Company, 290 F.2d 345 (8th Cir. 1961); American National Bank & Trust Company of Chicago v. Bone, 333 F.2d 984 (8th Cir. 1964). The only evidence presented with regard to the basis of the Curdts' claim was the petition which was filed in state court. While both intentional and negligent acts are alleged in Count I of the petition, the Bankruptcy Court concluded that the Curdts' claim, based on this petition, sounded in intentional tort. It cannot be said that this determination was not supported by substantial evidence. Therefore, since the claim is based upon intentional tort, it is not provable or allowable under 11 U.S.C. § 103(a)(7), and is not dischargeable in bankruptcy. Accordingly, the order of the Bankruptcy Court dismissing the Curdts' claim will be affirmed.