**In re Leonard WEINBAUM, Bankrupt.**

**LITT RATNER & CO., Plaintiff,**

**v.**

**Leonard WEINBAUM, Defendant.**

**Bankruptcy No. 79–B–2914.**

United States Bankruptcy Court,
E. D. New York.

Aug. 20, 1981.

Jeffrey L. Sapir, Yonkers, N. Y., for bankrupt.

Richard S. McGowan, D'Amato & Lynch, New York City, for respondent.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Leonard Weinbaum (hereafter "petitioner") moves for an order dismissing the above-captioned adversary proceeding commenced by Litt Ratner & Co. (hereafter "respondent") and vacating the judgment entered in United States District Court, Southern District of New York, in favor of respondent. A hearing on said motion was held on July 9, 1981.

The salient facts giving rise to the dispute at bar follow.

(1) In July 1977, petitioner commenced an action against the respondent and other named defendants in the United States District Court for the Southern District of New York, charging the named defendants with violations of § 10(b) of the Securities Exchange Act of 1934.

(2) The charges against respondent were dismissed by Hon. Constance Baker Motley at the conclusion of petitioner's case in September 1979.

(3) Petitioner filed a voluntary petition in bankruptcy on September 28, 1979.

(4) Subsequent to the filing of the bankruptcy petition, respondent moved in the district court pursuant to § 9(e) of the Securities Exchange Act of 1934, for an order taxing costs, including attorneys' fees and expenses incurred in connection with the district court action against petitioner.

(5) National American Corporation commenced an adversary proceeding in this Court on December 13, 1979, seeking to bar the discharge of petitioner under §§ 14(c)(1), (2), and (4) of the Bankruptcy Act. The Court rendered a decision in favor of National American Corporation on September 2, 1980. Said decision was subsequently affirmed by the United States District Court for the Eastern District of New York on April 27, 1981.

(6) Hon. Constance Baker Motley issued an endorsement on January 31, 1980, granting respondent's motion for an order taxing costs against petitioner and directing respondent to submit a proposed order. An order was entered by Judge Motley on May 30, 1980, fixing the attorneys' fees and expenses at $32,518.74.

(7) Respondent commenced an adversary proceeding on April 25, 1980, seeking an order determining that its claim be declared nondischargeable pursuant to § 17(a)(2) of the Bankruptcy Act.

(8) Predicated on this Court's prior decision denying petitioner a discharge in bankruptcy, a decision was issued on June 10, 1981, dismissing respondent's adversary proceeding as moot.

(9) In the within action, petitioner seeks an order vacating the judgment entered by Judge Motley on the basis that the obtaining of said judgment by respondent was in violation of the automatic stay provisions set forth in Bankruptcy Rule 401(a).

The aforesaid facts give rise to the following issue: Did respondent violate the automatic stay when it pursued its claim for attorneys' fees and expenses against petitioner?

Respondent contends that since its claim derives from a tort action, the claim is nonprovable pursuant to § 63(a) of the Bankruptcy Act, thereby rendering Rule 401(a) nonapplicable. Petitioner does not dispute respondent's allegation that its claim arose out of a tort action.

Bankruptcy Rule 401(a) provides in pertinent part:

(a) Stay of Actions. The filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6) or (7) of § 17a of the Act.

■ Actions against a bankrupt founded on unsecured nonprovable debts are not protected by the umbrella of Rule 401 and therefore fall *dehors* the statutory scheme set forth in the Bankruptcy Act. *In re Rugby Funding, Ltd.*, 20 CBC 823 (S.D.N.Y. 1979); *In re De Cordier*, 4 BCD 129 (E.D.N.Y.1978).

■ Claims which may be proved and allowed against the estate of a bankrupt are delineated in § 63(a) of the Bankruptcy Act. *In re De Cordier, supra.* The concept of provability is exclusive to the types of claims enumerated in said section. *In re Crimmins*, 1 BCD 899 (S.D.N.Y.1975), *aff'd* 406 F.Supp. 282 (S.D.N.Y.1975); *In re Du Pont Walston Inc.*, 4 BCD 236 (S.D.N.Y. 1978); *In re Terre Du Lac, Inc.*, 429 F.Supp. 1015, 12 CBC 334 (E.D.Missouri 1977).

■ It is well settled that claims based on tort are not provable unless they come within one of the recognized exceptions. *In re Crimmins, supra, In re Du Pont Walston, Inc., supra, Goldsmith v. Overseas Scientific Corporation*, 188 F.Supp. 530 (S.D.N.Y. 1960).

■ The sole exceptions to this rule are: (1) those claims reduced to judgment prior to the filing of the bankruptcy petition, § 63(a)(1); (2) those tort claims which give rise to a quasi-contract action, § 63(a)(4); and (3) a claim arising in a negligence action that was commenced prior to the filing of the bankruptcy petition, § 63(a)(7). *In re East Coast Mechanical Contractors, Inc.*, 11 CBC 56 (D.Connecticut 1976); *In re Winslow*, 17 CBC 812 (D.Oregon 1978); *In re Du Pont Walston, Inc., supra.*

■ At bar, respondent's claim clearly derives from a cause of action sounding in tort. This conclusion is supported by the endorsement issued by Judge Motley on January 31, 1980, which provided in relevant part:

Attorneys' fees may be assessed against the losing party, under either § 9(c) of the Securities Exchange Act of 1934 or the court's equitable power, only when an action is instituted in malice and bad faith. *Nemeroff v. Abelson*, 469 F.Supp. 630, 640 (S.D.N.Y.1979). In the case at hand, Litt Ratner has established that plaintiff instituted this action in malice and bad faith ....

Further support for this conclusion is found in the order entered by Judge Motley on May 16, 1980, which stated in relevant part:

Defendant, Litt Ratner & Co. having moved this Court pursuant to § 9(c) of the Securities and Exchange Act of 1934 and the equitable powers of this Court for an order taxing costs against plaintiff Leonard Weinbaum, including attorneys' fees and expenses incurred in connection with the action herein, ... and it appearing to the Court that plaintiff Leonard Weinbaum brought and maintained this action willfully, maliciously, vexatiously, in bad faith, and patently without merit ....

Predicated on the aforesaid facts, the Court concludes that respondent's tort claim does not fall within the definitive and enumerated categories of provable claims set forth in § 63(a). The grounds supportive of the above finding follow:

First: Since respondent's claim was not reduced to judgment until after petitioner filed his bankruptcy petition, § 63(a)(1) is inapplicable. *In re Du Pont Walston, Inc., supra; In re East Coast Mechanical Contractors, Inc., supra.*

Second: As there is no evidence to demonstrate that respondent's claim could have been founded on a quasi-contract action based on unjust enrichment, respondent's claim is not provable under subsection 4 of § 63(a). *In re Crimmins, supra; In re Du Pont Walston, Inc., supra.*

Third: Respondent's claim is not provable under § 63(a)(7). Said subdivision permits the provability of a claim founded upon an action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy. *In re Crimmins, supra; In re Du Pont Walston, Inc., supra.* Claims arising from an intentional tort do not fall within the parameters of § 63(a)(7). *In re Terre Du Lac, Inc., supra; In re Du Pont Walston, Inc., supra; In re Crimmins, supra.*

It is not necessary to determine whether respondent's claim arises from an intentional tort or an action for negligence in light of the fact that respondent's action for attorneys' fees and expenses was not commenced prior to the filing of the petition in bankruptcy and thus is not provable. *In re Crimmins, supra; In re Du Pont Walston, Inc., supra.*

In addition to seeking an order vacating respondent's district court judgment, petitioner requests an order dismissing the adversary proceeding commenced by respondent in this Court. Said request for relief is rendered moot by the prior decision of this Court dated June 10, 1981.

Premised upon the aforesaid findings of fact and principles of law, petitioner's motion to vacate the district court judgment rendered in favor of the respondent and to dismiss respondent's adversary proceeding is denied.

SETTLE ORDER.