Roberta DUBAN, Gene Penkos, Catherine Penkos and Salvatore Vasile, individually and as members of a class, Plaintiffs,

v.

PRO–TECH PROGRAMS, INC., Sol Rosen, Philip Schaum, Smith, Jackson & Co., Inc., Stephen Smith, Norman S. Rein, Harold M. Tract, Maurice Mound, Alan John Rein, Eugene Leiman, Ernest E. Rosenberg, Rein, Mound & Cotton, Defendants.

No. 77 Civ. 840.

United States District Court, S. D. New York.

Sept. 12, 1977.

Feiner, Chernis, Curtis & Goldman by Paul Chernis, New York City, for plaintiffs.

Leinwand, Maron, Hendler & Krause by Harris D. Leinwand, New York City, for Pro-Tech Programs, Inc.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

This is a complaint by four plaintiffs, individually and on behalf of a class, seeking damages for violation of the federal securities laws, common law negligence and for violation of § 352–c of the New York General Business Law.[1] The essence of their claim is that the corporate defendant (through its subsidiary, Vigilante Protective Systems)—in league with the other defendants—used deceptive practices in selling its home protection systems. These deceptive practices were not disclosed to the securities-buying public—whose stock rapidly approached worthlessness after these deceptive practices were investigated by both New York State and New Jersey.

One of the defendants, Pro-Tech Programs, Inc. (Pro-Tech), moves to dismiss the action as to itself, only, on the ground that it has been adjudicated a bankrupt, that the plaintiffs had notice of the bankruptcy proceedings, and that this court has no jurisdiction over Pro-Tech since only the Bankruptcy Court can now determine whether or not plaintiffs' claims against Pro-Tech have been discharged in bankruptcy. The motion is denied.

### FACTS

The facts relevant to this motion are undisputed. In December of 1972 Pro-Tech filed a voluntary petition in bankruptcy under Chapter XI of the Bankruptcy Act (the Act). The petition, according to plaintiffs' chronology narrated in the complaint, was filed after Pro-Tech became liable to plaintiffs. Shortly after the petition was filed, Bankruptcy Judge Babitt filed an order restraining creditors from proceeding with actions against Pro-Tech.

In apparent disregard of the restraining order, plaintiffs' attorney filed an action against Pro-Tech which included the same defendants and three of the same plaintiffs as in the instant suit. Pro-Tech moved to hold the plaintiffs in this prior action in contempt for violating Judge Babitt's restraining order, but the motion was never heard since plaintiffs (through Paul Chernis, the same attorney as in the instant suit) withdrew the action against Pro-Tech in deference to the restraining order.[2]

On October 9, 1975 Judge Babitt entered an order confirming the plan to reorganize Pro-Tech (pursuant to the debtor's plan of August 1, 1975) and discharging the debts of Pro-Tech. The instant suit against Pro-Tech and the other defendants was filed on February 18, 1977.

### DISCUSSION

Pro-Tech's argument runs as follows:

The starting premise is that Judge Babitt's order approving the reorganization plan has discharged Pro-Tech from all its debts and obligations. With the discharge order as a shield, Pro-Tech prepares to counter plaintiffs' attack by citing section 17 of the Act (11 U.S.C. § 35), "Dischargeability of debts—Debts not affected by discharge." Pro-Tech anticipates that plaintiffs' first parry would be section 17(a)(3) which says that a debt is not discharged if it has "not been duly scheduled in time for proof and allowance." Pro-Tech's riposte is that although the debts were not scheduled, plaintiffs had notice of the bankruptcy proceedings (by virtue of the contempt motion) and thus section 17(a)(3) is inapplicable by its terms.

Pro-Tech does not stop its thrust there but adds that sections 17(c)(2) and (3) require that "a creditor who contends that his debt is not discharged under clause (2), (4), or (8) of subdivision (a) of this section must

---

1. The lawsuit has not yet been certified as a class action.

2. It appears from the correspondence that Mr. Chernis was unaware of Judge Babitt's restraining order when he instituted his first suit against Pro-Tech. This suit was eventually dismissed without prejudice because, at that time, plaintiffs were unable to prove that the injured persons were sufficiently numerous to justify class certification. The instant suit is essentially a refiling of this prior one, but now the plaintiffs claim that they can prove their class action allegations.

file an application [before the bankruptcy court] for a determination of dischargeability . . . ." Assuming that plaintiffs' securities and statutory claims are based on fraud and are thus within the enumerated clauses, Pro-Tech concludes that plaintiffs must ask the *bankruptcy* court to rule that their claims are not discharged. Since this is the case, this court has no jurisdiction over Pro-Tech.

Pro-Tech's analysis falls with the crumbling of its foundation. Section 17(a) states that "[a] discharge in bankruptcy shall release a bankrupt from all of his *provable debts* . . . ." (Emphasis supplied) This means *only* the provable debts and no other liabilities. *Zwick v. Freeman*, 373 F.2d 110, 116 (2d Cir.), *cert. denied*, 389 U.S. 835, 88 S.Ct. 43, 19 L.Ed.2d 96 (1967). Section 63 of the Act (11 U.S.C. § 103) defines those debts which may be proved. The only remaining inquiry is whether the claimed violations of the federal securities laws and of the New York General Business Law and the negligence claim are "provable debts." If not, then Pro-Tech's analysis of section 17 is of no avail since all but the first 21 words of section 17 would be inapplicable.[3] Section 17(c) would be inapplicable since that subdivision refers to "creditors", and a creditor is one who owns a "provable debt." Section 1 of the Act, 11 U.S.C. § 1.

In denying Pro-Tech's motion, this court relies on *Crimmins v. Crimmins*, 406 F.Supp. 282, 286 (S.D.N.Y.1975) which holds that federal securities claims are not provable debts discharged in bankruptcy. *Accord, Bizzell v. Hemingway*, 548 F.2d 505, 508 (4th Cir. 1977). Likewise, neither plaintiffs' claim under section 352-c of the New York General Business Law (fraud with respect to the purchase or sale of stock) nor its claim of common law fraud are provable in bankruptcy. *United States v. Sullivan*, 19 F.Supp. 695, 698 (W.D.N.Y.1937), *aff'd*, 95 F.2d 1021 (2d Cir. 1938); section 63 of the Act.

Finally, since the negligence cause of action was not contained in a suit "instituted prior to and pending at the time of the filing of the petition in bankruptcy" (section 63(a)(7) of the Act), plaintiffs' cause of action for negligence is not a provable debt either.

In conclusion, none of plaintiffs' claims against Pro-Tech is a provable debt. None of these claims is dischargeable in bankruptcy. Therefore, plaintiffs were not required to make any application to the bankruptcy judge for a declaration that these debts are not dischargeable. Pro-Tech's motion to dismiss must be denied.

SO ORDERED.

---

3. § 35. Dischargeability of debts—Debts not affected by discharge.

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, wheth-er allowable in full or in part, [exceptions follow which provide that some debts, though provable, are not discharged in bankruptcy] · · · ·