**In the Matter of William Herbert Wood, Bankrupt.**

**William Herbert WOOD, Appellant,**

v.

**Raymond FIEDLER and Elizabeth Fiedler, Appellees.**

**No. 76–1432.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1976.

Decided Jan. 14, 1977.

Thomas J. Lyons, St. Paul, Minn., for appellant.

Geoffrey J. Gempeler, St. Cloud, Minn., for appellees.

Before LAY, ROSS and HENLEY, Circuit Judges.

LAY, Circuit Judge.

Raymond Fiedler and his wife, Elizabeth Fiedler, filed a medical malpractice suit in state court against William H. Wood, a licensed chiropractor. After filing an answer denying the allegations, Wood filed a voluntary petition in bankruptcy, which operated as an automatic stay of the state court proceedings. *See* Bankruptcy Rule 401. The sole purpose of the bankruptcy proceedings was to seek a discharge of any debt Wood might owe the Fiedlers by reason of the state court litigation.

The Fiedlers filed a timely objection to Wood's discharge, seeking relief from the stay and claiming that the unlitigated state court action was founded on a claim for "willful and malicious injuries" which was not dischargeable under § 17(a)(8) of the Bankruptcy Act.[1] Wood opposed the objec-

---

1. Section 17(a)(8) of the Bankruptcy Act provides:

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts,

tion, asserting that the Act required an immediate determination of dischargeability and did not allow the bankruptcy court to defer the determination in an exercise of discretion.[2] The bankruptcy court dissolved the stay and permitted the creditors to pursue the state court action. The bankruptcy court also extended the time for filing an objection to discharge to 20 days after the entry of judgment in the state proceedings.

The district court, the Honorable Edward J. Devitt, Chief Judge, presiding, affirmed the bankruptcy court's order. Judge Devitt held that while the bankruptcy court has exclusive jurisdiction to determine the question of discharge under § 17(a)(8), the 1970 amendments to § 17 did not abrogate the

bankruptcy court's discretion under § 57(d) of the Act[3] to choose the most appropriate means of claim liquidation. Additionally the district court found no abuse of discretion since Wood would still be solvent if found not liable to the Fiedlers and thus the litigation in the state court could render the bankruptcy proceeding unnecessary.

Wood appeals from the district court's order. We affirm.

■ Section 17 of the Act provides that only provable claims are dischargeable. Although the Fiedlers' claim meets the requirements of § 63(a)(7) of the Act,[4] it has not yet been found provable since it is contingent and unliquidated under §§ 57(d) and 63(d) of the Act.[5] Section 57(d) pro-

---

whether allowable in full or in part, except such as . . . (8) are liabilities for willful and malicious injuries to the person or property of another other than conversion as excepted under clause (2) of this subdivision. 11 U.S.C. § 35(a)(8).

**2.** Wood asserted that the 1970 amendments to § 17 require this conclusion. Subsections 17(c)(2), (3) and (4) were added by the 1970 amendments and provide:

(2) A creditor who contends that his debt is not discharged under clause (2), (4), or (8) of subdivision (a) of this section must file an application for a determination of dischargeability within the time fixed by the court pursuant to paragraph (1) of subdivision (b) of section 14 of this Act and, unless an application is timely filed, the debt shall be discharged. Notwithstanding the preceding sentence, no application need be filed for a debt excepted by clause (8) if a right to trial by jury exists and any party to a pending action on such debt has timely demanded a trial by jury or if either the bankrupt or a creditor submits a signed statement of an intention to do so.

(3) After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof. A creditor who files such application does not submit himself to the jurisdiction of the court for any purposes other than those specified in this subdivision (c).

(4) The provisions of this subdivision (c) shall apply whether or not an action on a debt is then pending in another court and any

party may be enjoined from instituting or continuing such action prior to or during the pendency of a proceeding to determine its dischargeability under this subdivision (c). 11 U.S.C. §§ 35(c)(2), (3), and (4).

**3.** 11 U.S.C. § 93(d).

**4.** Section 63(a)(7) of the Act provides:

(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . . (7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; . . . 11 U.S.C. § 103(a)(7).

**5.** Section 63(d) of the Act provides:

Where any contingent or unliquidated claim has been proved, but, as provided in subdivision (d) of section 57 of this Act, has not been allowed, such claim shall not be deemed provable under this Act. 11 U.S.C. § 103(d).

Section 57(d) of the Act provides:

Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest or unless their consideration be continued for cause by the court upon its own motion: *Provided, however, That an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court*; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this Act. 11 U.S.C. § 93(d) (emphasis added).

vides that contingent and unliquidated claims are to be liquidated or reasonably estimated "in the manner and within the time directed by the court." We find this language to be a grant of discretion to the bankruptcy court to choose the most appropriate means of claim liquidation. The bankruptcy court may, in the exercise of this discretion, await the determination of another court of competent jurisdiction. *See Ex parte Baldwin*, 291 U.S. 610, 619, 54 S.Ct. 551, 78 L.Ed. 1020 (1934); and 3 *Collier on Bankruptcy* ¶ 57.15[3.2] (14th ed. 1976).

 The question presented is whether Congress intended to abrogate this discretion with the 1970 amendments to the Bankruptcy Act. When courts are confronted with statutes "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). *See also Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 1993–94, 48 L.Ed.2d 540 (1976); and *FAA v. Robertson*, 422 U.S. 255, 266, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975). The legislative history of the 1970 amendments does not reveal a clear or manifest congressional intent to modify the bankruptcy court's discretion to choose the most appropriate means of claim liquidation. H.R.Rep.No.91–1502, 91st Cong., 2d Sess. (1970); and S.Rep.No.91–1173, 91st Cong., 2d Sess. (1970), U.S. Code Cong. & Admin. News 1970, p. 4156.

This result is not incompatible with the primary purpose of the 1970 amendments which was to "effectuate, more fully, the discharge in bankruptcy by rendering it less subject to abuse by harassing creditors." H.R.Rep.No.91–1502, *supra* at 1–2, U.S. Code Cong. & Admin. News 1970, p. 4156. Prior to the 1970 amendments the bankruptcy court determined the *right* to a discharge, but did not, except in certain circumstances, determine its *effect. See Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). The effect of a discharge was properly adjudicated in the non-bankruptcy forum when the creditor sued on his claim and the bankrupt pleaded his discharge as a defense. Since the discharge was an affirmative defense, it was waived unless properly asserted. The 1970 amendments were enacted to prevent creditors from instituting state court actions in the hope that the bankrupt would ignore the proceedings based on a misplaced reliance on the discharge or due to a lack of funds to defend. *Cf. In re Urquhart*, 427 F.2d 492 (8th Cir. 1970).

To allow the state court proceedings to continue under these circumstances does not subject the debtor to the abuses which the 1970 amendments were intended to prevent. The effectiveness of the debtor's discharge is not threatened as the bankruptcy court is deferring, not delegating, its responsibility under § 17(c)(3). Therefore we conclude that the bankruptcy court may, in an exercise of discretion, defer the determination of dischargeability until after the liquidation of the underlying claim in another court of competent jurisdiction.

In addition we find that the bankruptcy court did not abuse its discretion as the decision does not unduly delay the bankruptcy proceedings or unreasonably burden the debtor.

Affirmed.