Harry L. BIZZELL, Jr., et al., Appellees,

v.

Clifford E. HEMINGWAY, a/k/a C. E. Hemingway, and Fairco Drugs, Inc., Appellants.

No. 75–2381.

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1976.

Decided Feb. 3, 1977.

W. Thomas Ray, Charlotte, N.C. (Durant Williams Escott, Charlotte, N.C., on brief), for appellees.

Wallace S. Osborne, Charlotte, N.C., for appellants.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge.

Fairco Drugs, Inc., and Clifford Hemingway appeal the judgment of the district court holding them liable to Bizzell Pharmacy, Inc., Harry L. Bizzell, and Harry L. Bizzell, Jr., for securities fraud and breach of contract.[1] Fairco and Hemingway contend that the bankruptcy court had exclusive jurisdiction over the Bizzell claims and that the claims based on the Securities Act of 1933 were barred by the statute of limitations. We affirm the judgment of the district court.

The findings of the district court are briefly summarized as follows. In August and September of 1971, Fairco acquired Bizzell's drugstore in exchange for a cash payment, Fairco debentures, and a five-year employment contract for Harry L. Bizzell, Jr. In connection with this sale, Fairco and its agent, Hemingway, intentionally misrepresented the financial assets of Fairco. Bizzell had no knowledge of Fairco's financial difficulties until Fairco petitioned for an arrangement under Chapter XI of the Bankruptcy Act in February, 1972. The bankruptcy court promptly enjoined Fairco's creditors from instituting actions against it.

Hemingway, who also had an interest as a creditor of Fairco, recommended that his attorney represent Bizzell in the arrangement proceeding. The attorney told Bizzell that he would inform him if a conflict of interest developed between Bizzell and Hemingway. He also advised Bizzell to resist the arrangement and to buy into his drugstore at foreclosure.

Hemingway and the attorney subsequently realized that an arrangement might be highly profitable since Fairco could assume a substantial tax loss carryover. They agreed that Hemingway should control the reorganized company and that Bizzell should be excluded. To accomplish these objectives, they convinced Bizzell to vote for the plan of arrangement, to give Hemingway his Fairco reorganization stock, and to repurchase his former drugstore on terms offered by Hemingway. The attorney, on behalf of Bizzell, filed a proof of claim for liability on the debentures and an acceptance of the plan of arrangement. The arrangement was confirmed by the bankruptcy court in October, 1972.

---

1. Harry L. Bizzell, Jr., was the active participant for the Bizzells. For convenience, we will refer to Bizzell Pharmacy, Inc., Harry L. Bizzell, and Harry L. Bizzell, Jr., collectively as Bizzell, for although there is some slight difference in their claims, their interests are substantially identical.

Another debenture holder in a position similar to Bizzell's resisted the arrangement and, with the permission of the bankruptcy court, sued Fairco for securities fraud while the proceeding was pending. Undoubtedly, Bizzell would have been allowed to follow the same course if he had sought the court's permission. *See In re Zeckendorf,* 326 F.Supp. 182, 184–85 (S.D.N.Y.1971). He did not do so solely because his attorney, in collusion with Fairco and Hemingway, led him to believe that he had no redress from the arrangement. The attorney never advised Bizzell of his rights under the securities laws or the Bankruptcy Act, Hemingway's advantages under the arrangement, or the conflict of interest in representing both Hemingway and Bizzell.

On February 9, 1973, Fairco terminated Bizzell's employment contract because he refused to repurchase his drugstore on terms more onerous than those to which he had previously agreed. Bizzell then sought the advice of independent counsel, and, without applying to the bankruptcy court, commenced this action against Fairco and Hemingway on February 13, 1973.[2] Seven days later, the bankruptcy court entered its final order, which specifically allowed creditors who had nondischargeable claims to sue Fairco.[3]

The district court clearly had jurisdiction over the action against Hemingway since his liability was not affected by Fairco's Chapter XI proceeding. 11 U.S.C. §§ 22(b), 34. We also find the court had jurisdiction to grant Bizzell relief against Fairco in the exercise of its equitable powers.

■ Since confirmation of an arrangement is tantamount to a judgment, equita-

ble relief is appropriate only if the same circumstances would warrant relief from a judgment. 11 U.S.C. § 767; *see Stoll v. Gottlieb,* 305 U.S. 165, 170–71, 59 S.Ct. 134, 83 L.Ed. 104 (1938). Equitable relief from a final judgment has long been granted "where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side." *United States v. Throckmorton,* 98 U.S. 61, 66, 25 L.Ed. 93 (1878); *accord, Fiske v. Buder,* 125 F.2d 841, 849 (8th Cir. 1942). When a judgment is obtained in this manner, a party, through no fault of his own, has had no opportunity to present an otherwise meritorious claim or defense. *See* Restatement of Judgments §§ 118, 121, 122 (1942). The district court's power to entertain an independent action to alleviate the consequent hardships is expressly preserved by Rule 60(b) of the Federal Rules of Civil Procedure. 11 Wright & Miller, *Federal Practice and Procedure* § 2868 (1973).

■ Although a party attacking an arrangement procured by fraud must ordinarily follow the procedure set forth in section 386 of the Bankruptcy Act, 11 U.S.C. § 786,[4] this provision does not provide an exclusive remedy. *Cf. In re Boissonnault,* 415 F.2d 1371, 1373 (1st Cir. 1969); *see* Restatement of Judgments § 118, comment c (1942). Since Bizzell's attorney colluded with Fairco, an independent action in equity is appropriate under the principle of *United States v. Throckmorton,* 98 U.S. 61, 66, 25 L.Ed. 93 (1878). *See Miller v. Meinhard-Commercial Corp.,* 462 F.2d 358, 361 (5th Cir. 1972); *Norris v. Camp,* 144 F.2d 1, 4 (10th Cir.

---

**2.** During discovery, Bizzell learned of the attorney's collusion with Fairco and Hemingway and amended his complaint to include a claim against him. The district court found that the attorney had breached his fiduciary duty as Bizzell's counsel, but reserved judgment against him. The court directed the entry of final judgment as to the claims against Fairco and Hemingway pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**3.** The final decree enjoined all creditors from pursuing any claims against Fairco "excepting

such claims as under Section 17 of the Bankruptcy Act are not discharged."

**4.** Section 386 provides that a bankruptcy court may set aside or modify an arrangement if, upon the application of parties in interest filed within six months after an arrangement has been confirmed, it appears that the arrangement was fraudulently procured and that the petitioners had no knowledge of such fraud at the time of the confirmation.

1944). Fairco was not entitled to benefit from its fraud. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 245, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); Restatement of Judgments § 114, comment b on Bankruptcy (1942). We, therefore, conclude that the district court properly granted Bizzell relief.

■ The district court's jurisdiction is also sustainable on an alternative ground. Bizzell's claims for securities fraud were not provable debts and consequently were not discharged by confirmation of the arrangement. 11 U.S.C. §§ 35(a), 103(a), 771; *cf. In re Crimmins,* 406 F.Supp. 282, 286 (S.D.N.Y.1975). Similarly, at the time this case was filed in the district court, and even until the final order of the bankruptcy court, his claim for breach of contract was not a provable, dischargeable debt because the contract was never terminated in accordance with the provisions for rejection under Chapter XI of the Bankruptcy Act. 11 U.S.C. §§ 103(c), 713(1), 753, 757(2); *cf. In re Alfar Dairy, Inc.,* 458 F.2d 1258, 1261 (5th Cir. 1972). Bizzell's action, therefore, falls squarely within the clause of the bankruptcy court's final decree which permits creditors with nondischargeable claims to sue Fairco. Since the decree was entered seven days after the commencement of this action, the district court properly permitted the action to go forward. *Cf. Woodson v. Gilmer,* 331 F.2d 147, 149 (4th Cir. 1964).

■ We furthermore find that the claims under the Securities Act of 1933 were not barred by the statute of limitations.[5] This action was commenced within three years after the sale of the debentures and within one year after Bizzell reasonably could have discovered the fraudulent misrepresentations. The claim based on section 12(2) was, therefore, brought within the period of limitations set forth in section 13 of the Securities Act, 15 U.S.C. § 77m; *cf. Johns Hopkins University v. Hutton,* 422 F.2d 1124, 1130–31 (4th Cir. 1970). The claim

based on section 17, for which a state period of limitations is applicable, was within the two-year statute of limitations for violations of North Carolina's blue sky law. N.C.Gen.Stat. § 78A–56(f); *cf. Newman v. Prior,* 518 F.2d 97, 99–100 (4th Cir. 1975).

The judgment of the district court is affirmed.

---

**5.** Fairco and Hemingway do not plead the bar of the statute of limitations to claims based on the Securities Exchange Act of 1934 or common law fraud.