In re Michael J. VAUGHN.

No. CA3–78–970–F.

United States District Court,
N. D. Texas,
Dallas Division.

Dec. 29, 1978.

See also, D.C., 462 F.Supp. 1040.

James C. Tubb, Vial, Hamilton, Koch, Tubb, Knox & Stadley, Dallas, Tex., William Hagan, Bracewell & Patterson, Houston, Tex., for plaintiffs; William D. Neary, Daniel C. Stewart, Van Oliver, Thompson, Knight, Simmons & Bullion, Dallas, Tex., of counsel.

Hilton H. Howell, Naman, Howell, Smith, Lee & Muldrow, Waco, Tex., for bankrupt.

Michael E. Rohde, Geary, Stahl, Koons, Rohde & Spencer, L. E. Creel, III, Creel, Atwood & Chapman, Dallas, Tex., for trustee.

## OPINION

ROBERT W. PORTER, District Judge.

Plaintiffs in this case, Robert A. Mann and Walter J. Rusek, Trustee, are Defendants in a state court usury action filed by the Bankrupt Michael J. Vaughn (and assumed by the Trustee in bankruptcy). In the state court action, after the commencement of the Vaughn bankruptcy, Mann sought to file a counterclaim alleging three causes of action: (1) violation of the Texas Deceptive Trade Practices Act, V.T.C.A., Bus. & Comm.Code, § 17.46(b)(12); (2) statutory fraud (Bus. & Comm.Code, V.T.C.A., § 27.01); and (3) common law fraud.[1]

---

1. The two statutory sections are as follows: Section 17.46(b)(12) Tex.Bus. & Comm.Code, V.A.T.S. (Supp.1978).

"(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

Bankruptcy Rule 401(a) stays any action based upon an unsecured *provable* debt except for a claim not dischargeable under section 17(a)(2), (3), (4) or (8) from being pursued against the bankrupt unless the Bankruptcy Court lifts the stay. Compliance with Rule Rule 401(a) may be enforced through the imposition of substantial fines. *Fidelity Mortgage Investors v. Camelia Builders Inc.*, 550 F.2d 47 (2nd Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977) ($20,000 fine.) Although Mann believed that Rule 401(a) did not prevent the filing of the counterclaim, Plaintiffs filed a complaint seeking the Bankruptcy Court's permission to file the counterclaim. Bankruptcy Rule 701. The Bankruptcy Court assumed that the three claims were provable, and rejected Plaintiffs' application to lift the stay.

On appeal this court remanded to the Bankruptcy Court because: (1) the Bankruptcy Court had only reviewed Plaintiffs' statement of what they intended to file as a counterclaim in the state court action and not an actual copy of the counterclaim; and (2) the Bankruptcy Court should have considered Plaintiffs' dischargeability claims. On rehearing this court indicated that although it would not be permissible for the District Court to consider additional evidence (the proposed counterclaim) on appeal, if the Bankruptcy Court felt that referral of the issue to the District Court would expedite resolution of the case, then this court would withdraw the issue from the Bankruptcy Court's consideration. Bankruptcy Rule 102(a).

The Bankruptcy Court recommended withdrawal of the provability/dischargeability issues in this case, and those issues are now withdrawn from the Bankruptcy Court's consideration. Bankruptcy Rule 102(a).

Plaintiffs have submitted a copy of their counterclaim for the court's consideration and I now decide the following issues:

(1) Are the proposed three causes of action asserted in the Mann counterclaim defenses under section 70(a)(6) of the Bankruptcy Act?

(2) Are the proposed three causes of action asserted in the Mann counterclaim provable debts?

(a) If the causes of action asserted in the counterclaim are provable, are they nevertheless not dischargeable under sections 17(a)(2), (3), (4) or (8)?

(b) If the causes of action asserted in the counterclaim are provable and dischargeable, are they nevertheless permissible off-

"(b) The term 'False, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:
"(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;"
Section 27.01 Tex.Bus. & Comm.Code, V.A. T.S. (1968)
"(a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a
(1) false representation of a past or existing material fact, when the false representation is
(A) made to a person for the purpose of inducing that person to enter into a contract; and
(B) relied on by that person in entering into that contract; or
(2) false promise to do an act, when the false promise is

(A) material
(B) made with the intention of not fulfilling it;
(C) made to a person for the purpose of inducing that person to enter into a contract; and
(D) relied on by that person in entering into that contract."
Rusek filed a counterclaim against MJV and Vaughn before the commencement of the Bankruptcy proceedings, and Mann now seeks to assert similar claims. In this opinion, reference to the Mann counterclaim or the Mann/Rusek counterclaim refers to the same pleading, filed by both parties, in this court for the court's consideration of whether to permit its filing and prosecution in the state court action.

sets under section 68 of the Bankruptcy Act?[2]

### Defenses under Section 70(a)(6)

Section 70(a)(6) (11 U.S.C. § 110(a)(6)) provides that the trustee of the estate of the bankrupt is vested by law with the title of the bankrupt as of the date of the filing of the bankruptcy petition of all rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to the bankrupt's property. ". . . (T)he general rule is that a trustee in bankruptcy is not an innocent purchaser, but takes the property of the bankrupt subject to all valid liens, claims, and equities existing against it in the hands of the bankrupt at the time the petition is filed . . ." *Commercial Credit Co. v. Davidson*, 112 F.2d 54, 56 (5th Cir. 1940); *In Re Alikasovich*, 275 F.2d 454, 457 (6 Cir. 1960).

■ A trustee stands in the bankrupt's shoes when he asserts the bankrupt's rights of action, and any *defense*, legal or equitable, which might have been raised against the bankrupt may be raised against the trustee. *Seligson v. New York Produce Exchange*, 378 F.Supp. 1076 (S.D.N.Y.1974); *Buchman v. American Foam Rubber Corp.*, 250 F.Supp. 60 (S.D.N.Y.1965); *4A Collier on Bankruptcy* § 70.28 p. 385 (14th Ed. 1976). The assertion of provable and allowable *counterclaims* and *set-offs* is governed by Section 68 (11 U.S.C. § 108) of the Bankruptcy Act.

Mann argues that the counterclaim represents a Section 70(a)(6) defense. The trustee argues that *Commercial Credit* and *Alikasovich* are cases wherein the court was considering a claim against particular property of the bankrupt, either a lien or a mortgage; thus, the Section 70(a)(6) defense concept does not apply where a general claim is asserted against the bankrupt himself. The trustee also questions Mann's assertion that the counterclaim is a "claim" or "defense".

■ Mann seeks affirmative recovery under the Texas Deceptive Trade Practices Act (DTPA), statutory fraud, and common law fraud. In the prayer for relief, Mann requests affirmative recovery in the amount of $250,000 for loss of use and income from certain deposited money in the Registry of the Court, $150,000 for reasonable attorney's fees, $150,000 exemplary damages for the allegedly intentional false, misleading and deceptive acts and practices of Plaintiffs MJV and Vaughn, and treble damages under the DTPA. Each of the three causes of action, although arising from the same or similar facts as the Plaintiffs' claim for usury, requires proof of specific elements, has a designated burden of proof and a stated degree of proof that may vary from the degree of proof in Vaughn's usury claim. Considering all of these characteristics, Mann and Rusek to file three causes of action that are "counterclaims" rather than "defenses", as the latter term is used in Section 70(a)(6). It is possible that Mann's claims for fraud might be "defenses" under Section 70(a)(6) to a claim for usury under the DTPA, but not as plead in the pleading presented to the court. (Mann styled the proposed pleading "Original Counterclaim . . . And Amended Counterclaim . . .", and while the label attached by Mann is not conclusive, at least Mann believed that under Texas Rules of Civil Procedure his pleading was a counterclaim).

### Provability

■ Bankruptcy Rule 401(a) applies only to *provable* debts; non-provable debts and non-dischargeable debts under section 17(a)(2), (3), (4) or (8) are not stayed. Bankruptcy Rule 401(a).

---

**2.** The claims asserted in the counterclaim are substantially similar to those presented to the court earlier, when this court adopted the decision of the Bankruptcy Court (attached in an Appendix to the opinion) refusing to lift the stay because the claims could not be offset under Section 68 of the Bankruptcy Act. That decision, however, assumed, without deciding, that the claims were provable. This court must now decide the preliminary question of whether or not the claims are provable. A more complete description of the facts in this case is found in *In Re: Michael J. Vaughn,* 462 F.Supp. 1040 (N.D.Tex.1978).

Section 63 (11 U.S.C. § 103) of the Act determines whether a claim is provable. Section 63(a)(7) recognizes that *tort* claims not reduced to judgments at the time of the bankruptcy filing are *not* provable except those based on negligence and for which an action has been commenced and is pending on the date of bankruptcy. Section 63(a)(4) provides that debts founded upon an open account or a contract express or implied *are* provable. An "implied" contract under Section 63(a)(4) includes a contract implied in law (quasi-contract) and a contract implied in fact. Quasi-contracts are legal fictions formulated to justify the consequences that in fairness should follow from certain facts other than an expressed intent. 3A Collier on Bankruptcy § 63.24; Cowans Bankruptcy Law & Practice, § 171–229 (1978).

■■■ A liability based upon a quasi-contract is provable in bankruptcy as an implied contract. *Brown v. O'Keefe*, 300 U.S. 598, 606, 57 S.Ct. 543, 81 L.Ed. 827 (1937). There are two methods of asserting and proving an implied contract under Section 63(a)(4): (1) a showing of liability founded upon a statute; or (2) the existence of a tort supporting a quasi-contractual claim. In *Brown* the Defendant objected to enforcement of statutory liability imposing personal responsibility upon shareholders in national banks because liability was extinguished by a discharge in bankruptcy. The court held that the stockholder, once adjudicated a bankrupt, was not liable after bankruptcy for his share of an assessment made against the bank because that liability was created by statute as an incident to the contract of membership between shareholders and national banks. ". . . (T)he liability, created though it is by statute, is quasi-contractual in its origin and basis . . . It is an incident affixed by law to the contract of membership between shareholder and bank." *Brown* at 606, 607, 57 S.Ct. at 548.

The Second Circuit examined a Connecticut statute which provided that a person receiving care in a state mental hospital who, although at the time of his discharge, might not have funds with which to pay such bills, would be liable for them if he was later able to pay. *In Re Crisp*, 521 F.2d 172 (2nd Cir. 1975). The court characterized the obligation to repay as quasi-contractual because the provision of care to an incapacitated person is traditionally classified as quasi-contractual. See Restatement of Restitution §§ 112, 113 (1937). Back pay allowances due employees subjected to unfair labor practices under the National Labor Relations Act have been held to be quasi-contractual and thus provable. *Nathanson v. NLRB*, 344 U.S. 25, 27, 73 S.Ct. 80, 97 L.Ed. 23 (1952); *NLRB v. Killoren*, 122 F.2d 609, 612 (8th Cir. 1940), *cert. denied*, 314 U.S. 696, 62 S.Ct. 412, 86 L.Ed. 556 (1941).

The three causes of action in the Mann counterclaim are not quasi-contractual under Section 63(a)(4). Although the transactions involved in the state court action provide a contractual setting for the Mann cause of action against Vaughn, the situation is distinguishable from the cases where the courts have found quasi-contractual liability. Unlike the situation in *Brown*, Vaughn is not involved in a statutorily imposed contractual relationship with Mann and Rusek which would make him liable to Mann and Rusek in any amount. There is no statutorily imposed assessment in this case, or any shareholder relationship.

*Crisp* is equally inapposite. There the Second Circuit focused on the already existing contractual relationship between the hospital which provides care and the patient who ordinarily pays for it. While the contract in this case is clearly the basis of Vaughn's usury claim, it is the tortious fraudulent acts allegedly committed by Vaughn which are asserted in the counterclaim. *See In Re Crimmins*, 406 F.Supp. 282 (S.D.N.Y.1975) (securities fraud case based on misrepresentation and non-disclosure, and not negligence, not a provable debt).

Finally, the *NLRB* cases are not applicable to the situation in this case because the Mann counterclaim involves fraudulent conduct, not conduct in the course of an ongoing contractual relationship (i. e. not a

shareholder/corporation relationship, or employee/employer relationship).

Mann and Rusek contend that the three causes of action asserted in the counterclaim are tort claims not reduced to judgments at the time of the bankruptcy filing, and, because they are not claims based upon negligence, are not provable under Section 63(a)(7). In *Crimmins* the court held that insofar as a securities case involves claims for negligent recovery, the claims were provable under section 63(a)(7), but insofar as they involve claims for misrepresentation on nondisclosure of facts, the claims were not provable under section 63(a)(7). This conclusion was followed in *Bizzell v. Hemingway*, 548 F.2d 505 (4th Cir. 1977). *See: In Re Miles Bahl*, 2 Bankr.Ct.Dec. 595 (1976).

In Mann's counterclaim, the first cause of action under the DTPA alleges that: (1) Vaughn and MJV induced Rusek to enter into a transaction by misrepresentation of their intent and purpose; (2) that this misrepresentation was knowingly done; (3) that in addition Vaughn and MJV deceived and misled Rusek and Mann by intending to file a lawsuit against them for usury after negotiating a loan from them; (4) and that this latter action was knowingly done. The action for common law fraud asserts that Vaughn and MJV falsely represented that a ranch was for sale to induce Rusek to pay money to MJV, with the understanding that the ranch was to be sold, but that the representation that Vaughn and MJV wanted to sell the ranch was false. Also, Vaughn and MJV misrepresented that they wanted to sell their option to repurchase the ranch, falsely induced Rusek to pay cash to MJV, and then, having all along had this intention, Vaughn and MJV sued Mann and Rusek to collect for usury. Finally, Mann and Rusek assert a claim for statutory fraud saying that when Vaughn and MJV entered into these transactions they represented that they did not want to enter into a usurious transaction and these representations were false and misleading, and that they were done knowingly.[3]

■ Each of these counts describes intentional, not negligent, acts on the part of MJV and Vaughn, which were allegedly done to defraud Mann and Rusek. These intentional acts are not provable under section 63(a)(7). *Bizzell v. Hemingway*, 548 F.2d 505 (4th Cir. 1977); *In Re Crimmins*, 406 F.Supp. 282 (S.D.N.Y.1975). The Bankruptcy stay is therefore lifted to permit the filing and prosecution in the state court of the counterclaim asserted by Mann and Rusek. Bankruptcy Rule 401(a); *but see "Dischargeability" section below, as "provability" decision not final.*

### Dischargeability

■ A court may, in its discretion, defer consideration of the dischargeability and provability issues when appropriate resolution of those matters is impossible absent a trial. *Copeland v. Emroy Investors Ltd.*, 436 F.Supp. 510 (D.Del.1977). In *Copeland* the court believed that it would be a waste of judicial resources to hold a "mini-trial" to determine what issues would be submitted for resolution to another court.

■ A court may also, in its discretion, defer consideration of the dischargeability and provability issues when a claim meets the requirements of Section 63(a)(7) of the Act, but has not yet been found provable since it is contingent and unliquidated under section 57(d) and 63(d) of the Act. *Wood v. Fiedler*, 548 F.2d 216 (8th Cir. 1977). In *Wood* the Eighth Circuit affirmed the bankruptcy court's determination to permit liquidation of a medical malpractice claim filed against Wood before resolving the question of dischargeability,

---

**3.** The counterclaim does not actually mention the word "knowingly" in pleading the three causes of action; it is merely implied from the context of the pleadings. See subsequent discussion of dischargeability.

The Bankrupt has argued that the counterclaim asserted by Mann and Rusek is spurious, and that therefore the stay, preventing the assertion of a spurious claim against the trustee, should remain in effect. While I do not know how a jury will react to these allegations, for purposes of ruling on the lifting of the stay, I find that the claim is not spurious and presents a cognizable claim.

where a judgment in favor of Wood in the state litigation could have rendered the bankruptcy proceeding useless since Wood would still be solvent.

Rather than ignore the issue of provability, I have elected to make the best determination possible from the pleadings on file in reaching my decision concerning the lifting of the bankruptcy stay. On the other hand, while I have determined that the counts asserted are not provable (and I have thus lifted the stay to permit Mann and Rusek to prosecute their counterclaims) there is insufficient information in the pleadings to make a final determination on provability or dischargeability.

Specifically, *Crimmins* makes a clear distinction between recoveries based upon assertions that "X should have known he was misrepresenting Y" (a negligence recovery provable under section 63) and assertions that "X knowingly misrepresented Y" (an intentional tort recovery not provable under section 63). The Mann/Rusek counterclaim, in each of the three counts, can be read to assert *both* negligent and intentional misrepresentation. I have permitted lifting the stay because the claims assert intentional misrepresentations (and to some extent these allegations are documented with supporting deposition testimony); it is possible, however, that a jury may find that Vaughn and MJV were only negligent in their misrepresentations. Such a finding would create a provable claim under section 63, although it might also create a non-dischargeable claim under one of the exceptions listed in section 17.

Therefore, although the pleadings assert claims which are not provable, because they also support claims which might be provable and dischargeable, I am going to defer final consideration of those issues until after the state court proceedings have terminated. At that time the court should be able to make a quick determination of those issues after a review of the jury verdict (with its special issues which will address the questions of knowledge and intention, and any other issues that bear on the provability/dischargeability question) and any appellate opinions. Therefore, my decision on provability in this opinion applies only to my decision to lift the bankruptcy stay; final determination of the provability/dischargeability issues will occur 60 days after the state court proceedings have been fully and finally resolved.

It is so Ordered.