PER CURIAM.
 

 This is an appeal from a dismissal of a complaint for failure to present the claims contained in the complaint to the bankrupt-, cy court. Because we hold that the claims asserted were not provable under the Bankruptcy Act of 1898 (“the Act”),
 
 [1]
 
 we reverse.
 

 I
 

 On April 18, 1979, Chull Wook Kim filed a three-count complaint against Harry B. Cochenour, Eunice Cochenour, and Diversified Cleaning Services, Inc. (“Diversified”).
 
 [2]
 
 Count I of the complaint alleged that Harry
 
 *211
 
 Cochenour, the principal officer of Diversified, had committed fraudulent acts and misrepresented or omitted to state material facts in connection with Diversified’s sale to Kim of a franchise or “license agreement” on January 1, 1977. Kim’s complaint contended that because the franchise agreement contemplated that “all of the significant efforts for economic return would be made by the defendants,” it was a security. Kim, therefore, alleged that Cochenour’s acts violated section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. 240.-10b-5 (1981). Counts II and III of the complaint alleged fraud in violation of state statute and common law. Jurisdiction over Count I was premised on 15 U.S.C. §§ 77v & 78aa. The remaining counts were alleged to fall within the court’s discretionary pendent jurisdiction.
 

 Harry Cochenour moved to dismiss the complaint as to himself on May 30,1979, on the basis that Kim had not filed his claim before the bankruptcy court. Cochenour had filed a petition for voluntary bankruptcy on September 10,1978, prior to the filing of Kim’s suit and the bankruptcy court had set December 8, 1978, as the final date for filing an application for discharge or entering an objection to the dischargeability of particular debts. Kim had not filed any claims with the bankruptcy court before the deadline. Cochenour argued that this failure was a grounds for dismissal. Kim opposed the motion on the ground that security claims are not provable under the Bankruptcy Act and he was not, therefore, required to present his federal claim to the bankruptcy court.
 

 The district court ruled in favor of Co-chenour and dismissed the complaint as to him on November 29,1979. The court held that section 17(c)(2) of the Bankruptcy Act, 11 U.S.C. § 35(c)(2), required that Kim’s claim be filed with the bankruptcy court to determine the dischargeability of his claim.
 
 [3]
 

 On March 25, 1980, Kim’s oral motion to reconsider was taken under advisement by the court and a written motion was filed April 23, 1980. On August 18, 1980, the court denied Kim’s motion. The court held that section 17(c)(2) required that claims of nondischargeability be filed with the bankruptcy court, regardless of section 17(a) of the Bankruptcy Act. 11 U.S.C. § 35(a). Kim then filed this timely appeal from the district court’s refusal to reconsider its dismissal of the complaint against Cochenour.
 
 [4]
 

 II
 

 The issue presented by this case is whether the plaintiff’s complaint, styled as a federal securities claim, was properly dismissed because it had not been presented to the bankruptcy court. We hold that it was not.
 

 Kim’s motion for reconsideration asserted that his claims were not provable, and hence not dischargeable, under section 17(a). The district court stated, however, that the dispositive section was section 17(c)(2):
 

 The court’s November 29 order, did not, however, rest on § 17(a), but rather on § 17(c)(2), which requires creditors to file certain objections, including the claim that the debt represents a liability for obtaining money by false representations, in bankruptcy court within the time fixed by that court. If an objection is not timely filed, even a “non-dischargeable” debt can be discharged.
 

 Thus, the court in effect claimed that section 17(c)(2) could be considered independently of section 17(a).
 

 Section 17(c)(2), however, clearly is dependent upon section 17(a):
 

 A creditor who contends that his debt is not discharged under clause (2) ... of
 
 *212
 
 subdivision (a) of this section [section 17(a)(2)] must file an application for a determination of dischargeability within the time fixed by the court ... and unless an application is timely filed, the debt shall be discharged.
 

 11 U.S.C. § 35(c)(2). Before a debt can be held to be discharged by virtue of a failure to file an application under section 17(c)(2), the court must look to whether the plaintiff is claiming an exemption from discharge under section 17(a)(2). Thus, a determination under section 17(c)(2) necessarily requires the court to examine section 17(a).
 

 Section 17(a) of the Bankruptcy Act provides, in relevant part, that
 

 [a] discharge in bankruptcy shall release a bankrupt from all his
 
 provable
 
 debts, ... except such as ... (2) are liabilities for obtaining money or property by false pretenses or false representations....
 

 11 U.S.C. § 35(a) (emphasis added). Thus, section 17(a) clearly contemplates that
 
 “only
 
 the provable debts and no other liabilities” are dischargeable in bankruptcy.
 
 Duban v. Pro-Tech Programs, Inc.,
 
 441 F.Supp. 467, 469 (S.D.N.Y.1977) (emphasis in original).
 
 Accord, Zwick v. Freeman,
 
 373 F.2d 110, 116 (2d Cir. 1967);
 
 A & M Records, Inc. v. M. V. C. Distributing Corp.,
 
 471 F.Supp. 980, 982 (E.D.Mich.1979);
 
 Copeland v. Emroy Investors, Ltd.,
 
 436 F.Supp. 510, 515 (D.Del.1977),
 
 aff'd,
 
 586 F.2d 834 (3d Cir. 1978);
 
 In re Crimmins,
 
 406 F.Supp. 282, 284-85 (S.D.N.Y.1975); 1A CollieR On BANKRUPTCY, ¶ 17.15 at 1628.2 (14th ed. 1978). Thus, unless a debt is “provable” under the Act, it is not dischargeable. Only after it has been determined to be provable can the court inquire into whether it is a non-dischargeable debt which must be brought before the bankruptcy court under section 17(c)(2).
 
 [5]
 

 The term “provable debt” is defined in section 63(a) of the Act, 11 U.S.C. § 103(a). This section lists nine types of debts which may be proved against the bankrupt’s estate.
 
 [6]
 
 The only categories which might apply to Kim’s claim would appear to be either “(4) an open account, or a contract express or implied;” or “(8) contingent
 
 *213
 
 debts and contingent contractual liabilities.” Thus, only if Kim’s claim can be so characterized is it a provable debt. If it cannot be so characterized, it is not provable.
 

 Kim’s complaint asserts that he purchased a franchise from Diversified, which was a security because it depended upon the efforts of Diversified and its president, Cochenour, for profits. He asserts that because of misrepresentation and omissions made by Cochenour, he was induced to purchase the security.
 
 [7]
 

 Courts have generally viewed securities fraud claims as tort claims.
 
 List v. Fashion Park, Inc.,
 
 340 F.2d 457, 463 (2d Cir.),
 
 cert. denied,
 
 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965). Torts are generally considered non-provable in bankruptcy unless they are based on negligence
 
 [8]
 
 and are pending at the date of the bankruptcy, 11 U.S.C. § 103(a)(7), or are reduced to judgment before the filing of the bankruptcy petition. 11 U.S.C. § 103(a)(1).
 
 Allegaert v. Perot,
 
 466 F.Supp. 516, 519 (S.D.N.Y.1978). Thus, several courts have held that securities fraud claims are not provable in bankruptcy and have permitted security actions to proceed in district court against the bankrupt.
 
 Bizzell v. Hemmingway,
 
 548 F.2d 505, 508 (4th Cir. 1977);
 
 In re Crimmins,
 
 406 F.Supp. 282, 286 (S.D.N.Y.1975).
 

 The only court to have held that a securities claim was provable did so on the basis that there was a contract
 
 “between the bankrupt and the creditor.” Copeland v. Emroy Investors, Ltd.,
 
 436 F.Supp. 510, 518 (D.Del.1977),
 
 aff’d,
 
 586 F.2d 834 (3d Cir. 1978) (emphasis added). Thus the claim was provable because claims based on contract and quasi-contract are deemed prova
 
 *214
 
 ble in bankruptcy. 11 U.S.C. § 103(a)(4). Here, however, there is no contract between the bankrupt (Cochenour) and Kim, but rather, between Diversified and Kim.
 
 [9]
 

 Ill
 

 Thus, Kim’s pleadings adequately asserted a federal securities claim which is not provable and, therefore, need not have been presented to the bankruptcy court for a determination of dischargeability under section 17(c)(2).
 
 [10]
 
 We find, therefore, that the district court improperly dismissed Kim’s claim. Accordingly, the district court’s judgment is Reversed and this case is Remanded for proceedings consistent with this opinion.
 

 [1]
 

 . This case is governed by the Bankruptcy Act of 1898, ch. 541, 30 Stat. 544, as amended (repealed 1979). All statutory references are to that now superseded Act.
 

 [2]
 

 . Diversified and Eunice Cochenour are not parties to this appeal.
 

 [3]
 

 . Having determined that it lacked jurisdiction over the federal claim, the court dismissed the pendent state claims against Cochenour.
 
 See United Mine Workers v. Gibbs,
 
 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
 

 [4]
 

 . On August 11, 1980, the court entered a default judgment against Eunice Cochenour. On Kim’s motion, the district court dismissed the complaint against Diversified on September 8, 1980. Thus, final judgment had been entered as to all parties when Kim filed this appeal.
 

 [5]
 

 . The trial court apparently read the term “all of his provable debts ... except such as ... (2) are liabilities for obtaining money or property by false pretenses or false representations” as indicating that claims of false representation were by definition provable. “While superficially appealing, the position is untenable since section 17 does not purport to enlarge the section 63 [11 U.S.C. § 103] definition of provable claims.”
 
 Copeland v. Emroy Investors, Ltd.,
 
 436 F.Supp. 510, 515 n.18 (D.Del.1977),
 
 aff'd,
 
 586 F.2d 834 (3d Cir. 1978). Thus courts and commentators have uniformly rejected this construction.
 
 See, e.g., In re Crimmins,
 
 406 F.Supp. 282,285 (S.D.N.Y.1975); 1A Collier On Bankruptcy, ¶ 17.15 at 1628.2 (14th ed. 1978). Clearly the term denotes a category of claims based upon false representations, and a smaller subcategory of claims based upon false representations that meet the definition of provable debts in section 63(a).
 

 [6]
 

 . Section 63(a), 11 U.S.C. § 103(a), provides in part:
 

 (a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) costs taxable against a bankrupt who was at the time of the filing of the petition by or against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a probable debt; (4) an open account, or a contract express or implied; (5) provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt’s application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments; (6) an award of an industrial-accident commission, body, or officer of any State having jurisdiction to make awards of workmen’s compensation in case of injury or death from injury, if such injury occurred prior to adjudication; (7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; (8) contingent debts and contingent contractual liabilities; or (9) claims for anticipatory breach of contracts, executory in whole or in part, including unexpired leases of real or personal property....
 

 [7]
 

 . Whether Kim has stated a valid securities claim is open to question. On the record before us, however, we cannot determine whether federal jurisdiction exists on that basis. Although franchises are generally not considered securities,
 
 Smith v. Gross,
 
 604 F.2d 639, 643 (9th Cir. 1979), courts have found them to be securities under certain circumstances.
 
 SEC v. Koscot Interplanetary, Inc.,
 
 497 F.2d 473, 485 (5th Cir. 1974). Generally courts have examined these agreements under the test for investment contracts enunciated in
 
 SEC v. W. J. Howey Co.,
 
 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1946), of “whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others.”
 
 See United Hous. Foundation, Inc. v. Foreman,
 
 421 U.S. 837, 852, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975). In
 
 SEC v. Glenn W. Turner Enterprises, Inc.,
 
 474 F.2d 476, 482 (9th Cir.),
 
 cert. denied,
 
 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53 (1973), the Ninth Circuit eschewed a strict interpretation of the requirement that profits had to come “solely” from the efforts of others, adopting instead “a more realistic test, whether the efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise.” This court has specifically endorsed the Ninth Circuit’s construction of
 
 Howey’s
 
 “solely” requirement,
 
 Goodman v. Epstein,
 
 582 F.2d 388, 408 n. 59 (7th Cir. 1978),
 
 cert. denied,
 
 440 U.S. 939, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), as have many other courts.
 
 See, e.g., Martin v. T. V. Tempo, Inc.,
 
 628 F.2d 887, 889 (5th Cir. 1980);
 
 Crowley v. Montgomery Ward & Co.,
 
 570 F.2d 875, 877 (10th Cir. 1975);
 
 Lino v. City Investing Co.,
 
 487 F.2d 689, 692 (3d Cir. 1973). The Seventh Circuit has stated its test for an investment as whether the investor “ ‘relied on present and future efforts of another to produce profits’.”
 
 Frederiksen v. Poloway,
 
 637 F.2d 1147, 1153 (7th Cir.),
 
 cert. denied,
 
 451 U.S. 1017, 101 S.Ct. 3006, 69 L.Ed.2d 389 (1981) (quoting
 
 Emisco Industries, Inc. v. Pro’s Inc.,
 
 543 F.2d 38, 41 (7th Cir. 1976)). Courts have generally found that where a party attempting to characterize a franchise as a security alleges facts bringing a franchise agreement within the
 
 Howey
 
 definition of an investment contract, “a factual inquiry” is necessary.
 
 Crowley v. Montgomery Ward & Co., Inc.,
 
 570 F.2d 875, 877 (10th Cir. 1975).
 
 Accord, Williamson v. Tucker,
 
 645 F.2d 404, 416 (5th Cir.),
 
 cert.
 
 denied, - U.S. -, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981);
 
 Smith v. Gross,
 
 604 F.2d 639, 643 (9th Cir. 1979);
 
 SEC v. Koscot Interplanetary, Inc.,
 
 497 F.2d 473, 485 (5th Cir. 1974). Because Kim’s complaint alleges that the franchise was worthless without the efforts of Cochenour, and contemplated that Cochenour’s efforts would contribute the anticipated profit, we cannot say from the pleadings that he cannot establish a federal securities claim.
 

 [8]
 

 . Kim’s claims appear to extend well beyond mere negligent representation. To the extent that they do not, they would, of course, be properly dismissed, either as non-dischargeable provable debts which must be presented to the bankruptcy court under section 17(c)(2), or as provable debts which could be discharged only in bankruptcy.
 
 See In re Crimmins,
 
 406 F.Supp. 282, 286 (S.D.N.Y.1975).
 

 [9]
 

 . While Cochenour might ultimately be able to prove that Kim’s claim is based on contract rather than tort, it is not clear from the face of the pleading. The mere existence of a contract does not cause the action to be based on contract.
 
 See In
 
 re
 
 Vaughn,
 
 462 F.Supp. 1052, 1056 (N.D.Tex.1978).
 

 [10]
 

 . Because the concept of “provability” has been eliminated from the Bankruptcy Reform