WILLIAM E. DOYLE, Circuit Judge.
 

 This is an appeal by Arthur Andersen & Co. from a decision of the Bankruptcy Referee which disallowed Andersen’s contingent and unliquidated claim against the bankrupt Colorado Corporation pursuant to § 57(d) of the Bankruptcy Act, 11 U.S.C. § 93(d), (1976 ed). The Referee disallowed Andersen’s claim because it was unduly delaying the administration of the Bankrupt’s estate. Judge Finesilver affirmed the Referee’s decision.
 

 
 *405
 
 The Andersen claim was filed April 17, 1975. It was based on potential liability in connection with pending and future actions against it as a consequence of Andersen’s examination and report on financial statements of the Bankrupt, that is The Colorado Corporation, and the King Resources Company. To date six actions against Andersen have been resolved. In oral argument Andersen told this court that recently it had been found liable for a substantial amount of money in
 
 Fund of Funds, Ltd. v. Arthur Andersen & Co.,
 
 545 F.Supp. 1314 (S.D.N.Y.1982). Andersen is appealing that decision. Another case, State of Ohio v. Crofters, Inc., King Resources Co., John M. King, Arthur Andersen & Co., Civ.No. 72-138 (S.D.Ohio), has been dormant since its transfer from the District of Colorado to the Southern District of Ohio in 1978. If Andersen is ultimately found liable in either action, it will have liquidated common law and federal securities law claims against the Bankrupt for indemnification and contribution.
 

 The Trustee admits that “this estate is not in a position to be closed and may not be for some time .... ” Consequently, although the estate is over ten years old and Andersen’s claim has remained unliquidated for almost eight years, Andersen asserted before Judge Finesilver, and asserted in this appeal as well, that: (1) it is inequitable to disallow its contingent claim now because permitting survival of its claim cannot “unduly delay” administration of the estate until the estate is actually ready to be distributed; and (2) the proposed settlement between the Bankrupt’s other creditors permits them to deplete the estate before Andersen is able to liquidate its claim.
 
 [1]
 

 In August 1978, the Trustee filed an objection to Andersen’s claim, maintaining that it should be disallowed as it was unduly delaying the administration of the Bankrupt’s estate. At the time, four of the eight pending civil actions named within the text of Andersen’s claim had been resolved. The Trustee’s objection was filed in the course of a dispute with Andersen concerning a proposed partial distribution of the estate. In his Order of August 28,1978, the Referee denied the Trustee’s objection without prejudice and directed the partial distribution. The Order said:
 

 Except as it might affect the proposed partial distribution, Andersen’s claim is not impeding the administration of the estate. Rather Andersen has proceeded to successfully dispose of large parts of its claim in a manner which has benefit-ted the estate and its creditors by substantially reducing the amounts involved in the claim. So long as Andersen’s claim does not impede the administration of the estate equity and fairness require that it be left open.
 

 Andersen consented at the time to a “reasonable” partial distribution to creditors.
 

 All remaining general unsecured creditors, including Andersen, were noticed into Bankruptcy Court on June 24, 1980 for the July 24,1980 fairness hearing on the settlement agreement referred to above. On July 14, 1980, the Trustee renewed his objection to the continuing allowance of Andersen’s claim, again resting on grounds of delay. Andersen filed briefs in opposition to both the approval of the settlement and to the Trustee’s objection to its claim. At the hearing, Andersen was heard orally.
 

 On August 1,1980, the Bankruptcy Court stated that:
 

 It is the Trustee’s position that awaiting final disposition of these trials [referring to the pending trials in which Andersen is still defendant] will unduly delay the final administration of this estate .... This estate has been open for over nine years and to delay final administration any longer would be inequitable.
 

 The Referee disallowed Andersen’s claim, but that order would not be final until the
 
 *406
 
 Trustee completed an agreement regarding the final determination of tax liability.
 

 On August 11, 1980 Andersen appealed the Referee’s order disallowing its claim. On August 19,1980 the Referee allowed the Trustee to withdraw its application to the Internal Revenue Service for a final tax liability determination. On August 21,1980 the Referee granted the Trustee’s request to amend the earlier order to delete the provision which made the disallowance of Andersen’s claim contingent on a final tax liability determination. The Referee’s August 1, 1980 Order approving the creditors’ settlement agreement provides that the entire order must be vacated if the last appellate court to review the order fails to affirm it in its entirety. The trial court’s ruling said:
 

 Without a doubt, it has been a boon to the estate that appellant has resolved six of the eight civil actions pending in various jurisdictions against it; the cases have been resolved in appellant’s favor, a fact which inures to the benefit of the estate. Appellant’s claim against The Colorado Corporation is a valid one, and as such had been allowed until July 1980. By its very nature, however, it is subject to disenfranchisement once it is found to result in an “undue delay” in estate administration. We find today that that point in time has been reached.
 

 The finding that contingent and unliqui-dated claim results in an “undue delay in the administration of the estate” is a discretionary one.
 
 See, e.g., Wood v. Fiedler,
 
 548 F.2d 216 (8th Cir.1977). Though not expressly posited by appellant, we find no abuse of discretion on the part of the Referee in disallowing appellant’s Claim No. 89. As yet unfulfilled duties are owing to The Colorado Corporation creditors by the Trustee and by the courts for nearly ten years. A settlement agreement which will cause a final distribution to creditors in discharge of these duties has been negotiated, executed and approved as fair and equitable by both the Referee in Bankruptcy, and by this Court. We cannot say, on balance, that the circumstances are such that appellant is truly wronged by reason of the settlement agreement reached between parties in the court below or by the Referee’s disallowance at this time of its contingent claim.
 

 The question which this court must determine is whether any error was committed by the Bankruptcy Court or the district court in the rulings which were given refusing to extend additional time to the Arthur Andersen & Company to settle the claims against it and to bring this entire matter to a close. However, it would appear that the stance of the Arthur Andersen & Company is now and will continue to be an impediment to the completion of the settling of the estate. Much time has been granted already and there is no assurance that if an additional ten years were furnished that the Arthur Andersen & Company would succeed in bringing this to a close. Accordingly we are not disposed to grant any further time.
 

 The judgment of the district court approving the judgment of the Bankruptcy court should be and the same is hereby affirmed.
 

 [1]
 

 . Judge Finesilver affirmed the proposed settlement in his Memorandum Opinion and Order, Civil Action No. 80-F-1280,
 
 In re The Colorado Corporation,
 
 Feb. 27, 1981. That decision is before this court as a companion to Andersen’s appeal and is titled:
 
 In re The Colorado Corporation, David Seligren and Pride & Co. v. The Colorado Corporation,
 
 No. 81-1389.